# Cheatham *v*. The State.

*Indictment for Arson.*

1. *When demurrer is not in the record it is presumed to be to the whole indictment.*—When the judgment-entry recites that defendant demurred to the indictment, but the demurrer is not contained in the record, the appellate court will presume it was interposed to the whole indictment; and if it embraces several counts, one of which is good, a refusal to sustain the demurrer is not error.

2. *A conviction by the mayor of a town does not infamize the convict.*—A conviction before the mayor, or other officer of a municipal corporation, of the violation of a municipal ordinance against stealing, obtaining goods by

[Cheatham v. The State.]

false pretences or by violence, does not render the person incompetent to testify on the ground of infamy.

3. *Indictment for arson in the third degree.*—The count of an indictment which charges that the defendant "wilfully set fire to or burned a cotton house of R. H., within the curtilage of the dwelling-house of the said R. H., by the burning whereof the said dwelling-house was burned," charges the crime of arson, not in the second, but in the third degree, as defined by section 4348 of the Code of 1876.

APPEAL from the Circuit Court of Butler.

Tried before the Hon JOHN K. HENRY.

The defendant was indicted on the 29th day of November, 1876. The indictment is in these words:

" The State of Alabama, Butler County. The grand jury of the said county charge that, before the finding of this indictment, Melissa Cheatham wilfully set fire to or burned a cotton-house of Robert Haygood, within the curtilage of the dwelling-house of the said Robert Haygood, by the burning whereof the said dwelling-house was also burned.

" And the grand jury of the said county further charge that, before the finding of this indictment, Melissa Cheatham wilfully set fire to or burned a cotton-house of Robert Haygood.

" And the grand jury of the said county further charge, that, before the finding of this indictment, Melissa Cheatham wilfully set fire to, or burned an inhabited dwelling-house of Robert Haygood, against the peace and dignity of the State of Alabama."

To this indictment the defendant demurred. The demurrer was overruled, and the defendant pleaded "not guilty." On the trial of the case, the solicitor called Robert Haygood and Granville Sims as witnesses for the State; but the defendant objected to their introduction, on the ground of infamy. In support of the objection, he introduced as evidence an ordinance of the town of Georgiana, in Butler county, which punished larceny, " obtaining goods, or any article of value, by false pretence, fraud or violence ;" and also a judgment of the municipal court of Georgiana, against the said Robert Haygood, for the violation of this ordinance. The defendant then proposed to prove, by oral testimony, the nature of the offence mentioned in the ordinance, of which the witness had been convicted. But the court excluded such evidence, and the defendant excepted.

The defendant, in support of the objection against the introduction of the said Sims as a witness, offered in evidence the same municipal ordinance, and a judgment and sentence of the municipal court of the town of Georgiana against

[Cheatham v. The State.]

Granville Sims, for "obtaining property by false pretences." The court disallowed the objection of the defendant, and permitted the said Sims to testify. To this action of the court the defendant excepted. The defendant then offered to introduce the ordinance of the town of Georgiana, and minutes of the municipal court, "to go only to the credit of the said witness, Granville Sims," but the court refused the motion, and the defendant excepted.

The jury retired, and rendered the following verdict: "We, the jury, find the defendant guilty as charged in the first count of the indictment; we also recommend the defendant to the clemency of the court. June 7, 1877." And there-thereupon the court sentenced the defendant to be confined in the penitentiary, "at hard labor, as the statute requires, for the full period of five years."

P. O. HARPER and WATTS & SONS, for the appellant. 1. The defendant was indicted for the crime of arson in the second degree; but the first count of the indictment is defective, because it does not aver that the cotton-house was of the value of five hundred dollars.—Code of 1876, § 4347.

If the indictment charges the defendant under the second part of section 4347, it is defective, because it charges the defendant with burning a cotton-house, and fails to charge, as required by statute, that the cotton-house contained cotton; furthermore, a cotton-house is not a building mentioned in section 4347, which it is a crime to burn because it is within the curtilage of the dwelling-house. The indictment is defective in either point of view, and the demurrer should have been sustained.

2. The objections to the competency of the witnesses, Haygood and Sims, were well taken. The evidence showed that Haygood had been convicted of a violation of a town ordinance, which punished stealing, obtaining goods by false pretence, and by violence. All of them involved moral turpitude; but the court would not permit it to be shown of which offence the witness had been convicted.

The witness, Sims, had been convicted under the same ordinance of obtaining goods by false pretences. If the evidence of such conviction did not render him incompetent to testify, it should have been admitted to show what *credence* should be given to his statements. The court, therefore, erred in excluding the evidence.

3. The exposition of the law in *Lodano v. The State* (25 Ala. 64), is correct, but the indictment fails to follow the

language of the statute. It is defective because it charges that the defendant burned the cotton-house, but does not aver its value; nor does it aver that it contained cotton. It is not an offence to burn a cotton-house merely, but to burn a cotton house containing cotton.

5. The third count of the indictment is defective, because it charges the defendant burned an inhabited dwelling-house, but does not *allege there was no human being therein at the time.* That no one was in the inhabited dwelling-house at the time it was burned, is the gist of the offence attempted to be charged in this count.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. The indictment charges the accused with the crime of arson in the second degree, and contains the elements of the offence as defined by the Code of 1876, § 4347. This is sufficient. *Lodano v. The State,* 25 Ala. 64. The demurrer was therefore properly overruled.

2. The crimes which, under the common law, render persons incompetent to testify, are felonies and every kind of the *crimen falsi.* But, before such a disability is incurred, a conviction on an indictment before a competent tribunal, followed by a judgment, is required to be proven.—Roscoe Cr. Ev. 135, *et seq.* The parties objected to as witnesses in this case were never indicted, convicted and sentenced to punishment by any tribunal known to the common law, or in any of the courts of the State. Therefore, the court, refusing to sustain the objection, did not err.

MANNING, J.—The demurrer in this cause seems to have been *ore tenus.* None in writing is set out in the record. The judgment-entry recites: "The defendant interposes a demurrer to the indictment in this cause; which demurrer, being argued by counsel and understood by the court," was overruled. We must infer that the objection thus made was to the whole indictment, which consists of three several counts, the last of which is in the language of the form for arson in the second degree prescribed by the Code, and must therefore be held to be sufficient.

In regard to the objection to two of the State's witnesses, that they were infamous, and therefore incompetent, the general rule of the common law was, that such disqualification to testify as a witness was produced only by a conviction and judgment for treason, felony, or some one of the offences belonging to the class generally described as *crimen falsi;* and what these are, it is not easy in all cases to determine.

[Cheatham v. The State.]

But the conviction and judgment spoken of must be in a State tribunal, for a violation of a State law, and not merely, as in this instance, for the violation of a town ordinance, and before a mayor or councilman of the town. The disqualification is established, not by the commission of the crime, or by the verdict merely of the jury against the proposed witness, but by the judgment of the court thereupon. And a pardon of the convict would restore his competency to testify. But the pardon having this effect is that of the chief executive magistrate of the State; and his pardons are of offences only against the laws of the State. The Circuit Court, therefore, did not err in overruling the objections to the competency of the witnesses for the State in this cause.

But the jury, by their verdict, found the defendant guilty as charged in the first count only of the indictment; and it was for the offence so charged that the sentence sending her to the penitentiary was pronounced. We have then to inquire, whether this sentence is authorized by law for the offence described in that count. The accusation is, that "defendant wilfully set fire to or burned a cotton-house of Robert Haygood, within the curtilage of the dwelling-house of the said Robert Haygood, by the burning whereof the said dwelling-house was burned."

This is not arson in the first degree, according to section 4346 of the Code of 1876; because it is not alleged that it was done in the night-time, or that there was at the time any human being in the dwelling-house. It is not arson in the second degree, as described in the latter part of section 4347, because it is not alleged in this first count, that the building was an inhabited dwelling-house. Is it the offence described in the preceding part of the same section?

That is divided into three clauses separated by semi-colons, and followed by two more, which are separated from each other by a comma only, and is as follows: "Any person who wilfully sets fire to or burns any church, meeting-house, court-house, town-house, college, academy, jail, or other building erected for public use; or any banking-house, warehouse, cotton-house, gin-house, store, manufactory, or mill, *which with the property therein contained is of the value of five hundred dollars or more;* or any car, train of cars, car-shed, cotton-house, or cotton-pen *containing cotton,* or corn-pen containing corn; or any barn, stable, shop, or office, of another person, within the curtilage of any dwelling-house, or other building, by the burning whereof any building hereinbefore specified in this section, is burned," &c.

The fourth of these clauses makes it arson in the second degree to burn or set fire to " any barn, stable, shop, or office of another person, within the curtilage of a dwelling-house ;" and the fifth, immediately following, makes it a like offence to set fire to or burn " any other building, by the burning whereof, any building hereinbefore specified in this section is burned ;" that is, any building previously specified, the burning of which was thereby made arson in the second degree. Now, nowhere before in that section was the burning of a dwelling-house declared to be that crime. The word dwelling-house is previously used therein, only to designate the curtilage appertaining to it, which protects any barn, stable, shop or office therein ; the act making it arson in the second degree to burn any of them so situated.

It is evident that the indictment in this cause was drawn under the erroneous idea that the fourth and fifth clauses of section 4347, separated only by a comma, constituted but one. The consequence is, that the first count does not charge any offence described in the section. It does not allege that the cotton-house to which fire was set was, " with the property therein contained, of the value of five hundred dollars," according to one clause, or describe it as " containing cotton," according to another. Nor is the structure, although alleged to be within the curtilage of a dwelling-house, a " barn, stable, shop, or office," so situated.

The offence of the defendant was probably correctly set forth in the third count of the indictment ; but as she was found guilty only as charged in the first, (which is equivalent to an acquittal on the other two,) the verdict did not authorize the judgment pronounced by the court. It must, therefore, be vacated and set aside. But, although the first count is not sufficient to charge, as it was evidently intended it should, arson in the second degree, it is good as an indictment for arson in the third degree. It charges the wilful burning or setting fire to a cotton-house, the property of another, and that is arson in the third degree, according to section 4348 of the Code of. 1876. See, also, *Brown v. State,* 52 Ala. 345.

Let the cause be remanded, that the judge may pronounce sentence for the offence of arson in the third degree—and the prisoner remain in custody until discharged by due course of law.