## Gillman v. The State.

*Abusive, Insulting or Obscene Language.*

(Decided Feb. 3, 1910. 51 South. 722.)

1. *Witnesses; Credibility; Prior Conviction.*—Section 4008, Code 1907, contemplates convictions for violation of the state laws and does not authorize proof of conviction for a violation of municipal ordinances for the purpose of affecting the credibility of a witness.

2. *Same.*—Proof of a conviction for assault and battery is not admissible to affect a witness's credibility under the rule permitting evidence of prior conviction of offenses involving moral turpitude.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Mrs. W. P. Gillman was convicted of using abusive, insulting or obscene language within the hearing or presence of a woman, and she appeals. Reversed and remanded.

PINKNEY SCOTT, for appellant.—Counsel discuss the errors assigned, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State.

[State v. Megs.]

SAYRE, J.—On her cross-examintion as a witness in her own behalf the defendant was required to answer whether she had been convicted of an assault and battery in the mayor's court, by which, we take it, was meant that she had been convicted of the violation of an ordinance of the city of Bessemer punishing assault and battery. There are two reasons why this was error:

1. Section 4008 of the Code, relating to the competency and credibility of witnesses as affected by conviction for crime, contemplates only convictions for violations of the state laws, and not convictions for violations of municipal ordinances.—*Cheatham v. State,* 59 Ala. 40.

2. A mere assault and battery does not involve moral turpitude. Moral turpitude signifies an inherent quality of baseness, vileness, depravity. Assaults and batteries are frequently the result of transient ebullitions of passion, to which a high order of men are liable, and do not necessarily involve any inherent element of moral turpiture.

Reversed and remanded.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.