# Huckabaa, *et al. v.* The State.

### *Assault and Battery.*

(Decided April 4, 1912.    58 South. 684.)

1. *Witnesses; Credibility; Impeachmnet.*—The fact that a witness is a prostitute, or that she keeps a house of prostitution, cannot be shown to impeach her character for veracity.

2. *Same; Conviction of Crime.*—Section 4008, Code 1907, applies only to convictions in the state courts, and for violation of the state laws, and does not authorize asking a witness whether she was not convicted in the Mayor's court of the town for vagrancy, or for running a house of illfame or a disorderly house; it being presumed that such conviction was for the violation of an ordinance of the town.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Jasper Huckabaa and others were convicted of assault and battery, and they appeal. Reversed and remanded.

J. D. BAILEY and W. L. PARKS, for appellant. The court erred in permitting the witness to be questioned as to her conviction in the Mayor's court.—*Gilman v. The State,* 165 Ala. 135.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and A. WHALEY, for the State. There was no error in permitting the witness to state about her conviction in the mayor's court.—

Sections 1222 and 4008, Code 1907. The case of *Gilman v. The State*, 165 Ala. 135, was decided prior to the adoption of the present Municipal Code. The judgment is insufficient to support an appeal.—*Marks v. The State*, 131 Ala. 44; *Bridges v. The State*, 124 Ala. 90; *Ayers v. The State*, 71 Ala. 11.

DE GRAFFENRIED, J.—The defendants were tried for the offense of assault and battery and from the judgment of conviction appeal.

1. During the progress of the trial the defendants introduced as a witness Pearl Prescott, whose testimony was material to the defendants. Against the objection of the defendants, the state was permitted to ask the said witness the following question: "Isn't it a fact that you were convicted in the mayor's court of Florala, just before the difficulty, for the offense of vagrancy or running a house of ill fame?" the witness answering in the affirmative. Thereupon the defendants moved the court to exclude the answer of the witness, but the court overruled the motion of the defendants, and permitted the answer of the witness to remain in evidence before the jury. In the case of *Gillman v. State*, 165 Ala. 135, 51 South. 722, the Supreme Court uses the following language: "Section 4008 of the Code, relating to the competency and credibility of witnesses as affected by conviction for crime, contemplates only conviction for violations of the state laws, and not conviction for violation of municipal ordinances." In this case we presume, as did the Supreme Court in the above case of *Gillman v. State*, that the conviction referred to was a conviction of the violation of an ordinance of the town of Florala, punishing the offense of vagrancy or keeping a house of ill fame. It is therefore evident that the court committed an error in requiring the witness to answer the above question against the objection of the

defendants, and also committed an error in allowing her answer to the question to remain as evidence before the jury.

2. In addition to the above, it has been many times decided by the Supreme Court that the fact that a woman is a prostitute, or the keeper of a house of prostitution, cannot be singled out and made a special ground for impeaching her character for veracity.—*Swint v. State,* 154 Ala. 46, 45 South. 901. As we above stated, the testimony of the woman Pearl Prescott was material on behalf of the defendants on their trial, and the court committed reversible error, therefore, in its rulings above discussed.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.