# Swope *v.* The State.

## *Larceny.*

(Decided April 4, 1912.   58 South. 809.)

1. *Witnesses; Impeachment; Conviction of Crime.*—The statute allowing proof of conviction of crime for the purpose of impeachment applies only to convictions for the violation of a state law, and a witness cannot be impeached by proof of a conviction for a violation of a municipal ordinance.

2. *Same; Moral Turpitude.*—Moral turpitude signifies an inherent quality of baseness, vileness or depravity, and hence, an illegal sale of intoxicating liquors is not within the category of crime involving moral turpitude, and a conviction therefor is not competent to impeach a witness's credibility.

3. *Same; Bias or Prejudice.*—Where the prosecuting witness had been convicted of an illegal sale of intoxicating liquors, and the defendant was being prosecuted for grand larceny, there is no such connection between the conviction of the witness and the crime for

which the defendant is being tried, as to warrant the admission of testimony showing the witness's conviction to establish bias or prejudice.

4. *Same; Examination; Cross.*—The range and extent of cross examination rests largely in the discretion of the trial court, and such action will not be reviewed unless abuse is shown.

5. *Same.*—Where, in his direct examination, the defendant opened an inquiry, the state may go into it on cross examination.

6. *Larceny; Evidence.*—Where defendant was accused of stealing money which a customer laid on his table, testimony that the prosecuting witness, who missed the money after he left the shop, and returned on its being discovered after a search, stated, in the presence of defendant, that the money which was found by the search was tied in a different way from the way he had tied it, was admissible.

7. *Same.*—Where a barber was accused of having stolen money which a customer had laid on his table and left, testimony by a police officer as to the length of time after the barber stopped searching his premises until a search warrant was obtained was admissible.

8. *Same; Instruction.*—The refusal of an instruction authorizing an acquittal of larceny based on a reasonable doubt growing solely out of a consideration of evidence showing defendant's good character for honesty, is proper.

9. *Costs; Imprisonment.*—Under section 7635, Code 1907, where hard labor is imposed on failure to pay costs, the additional sentence for labor should provide for the payment of costs at the rate of 75 cents per day.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

John Swope was convicted of larceny, and he appeals. Corrected and affirmed.

JAMES H. BRANCH, for appellant. The prosecuting witness had been convicted of selling whisky illegally, and the defendant should have been permitted to show it.—*Mitchell v. The State,* 94 Ala. 73; *Smith v. The State,* 129 Ala. 89. This applies to the policeman Atkinson. Counsel discuss other assignments of error relative to evidence, but without citation of authority. The court erred in refusing the charges asked.—86 Ill. 386; 88 Ill. 458; 40 Ia. 638; 44 Ia. 104; 49 Cal. 577; *Armour v. The State,* 63 Ala. 173; *Williams v. The State,* 52 Ala. 411.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State.  To im-
peach a witness for conviction for crime, it must be
shown that he has been convicted of an offense against
the laws of the state involving moral turpitude.—*Smith
v. The State,* 161 Ala. 94; *Crawford v. The State,* 112
Ala. 1; *McQueen v. The State,* 108 Ala. 54.  Where a
defendant opens a subject the state may go into it on
cross-examination.—*Wall v. The State,* 56 South. 57.
The court properly refused the charges asked.—*Coppin
v. The State,* 123 Ala. 58; *Dabney v. The State,* 113 Ala.
58; *Miller v. The State,* 107 Ala. 40.

PELHAM, J.—The defendant was tried and convict-
ed of grand larceny. It appears from the evidence, as set
out in the bill of exceptions, that in December, 1910,
the defendant was conducting a barber shop in the town
of Sheffield, when one S. N. Sherman and a friend,
named Henry Armenia, went into the shop to get
shaved.  While in the place being shaved by the defend-
ant, Sherman, according to the state's evidence, took a
package of money tied up with a string, and consisting
of two $100 bills and several other bills of smaller de-
nomination, in all amounting to the sum of $500, from
his pocket and laid the roll of money on a shelf in front
of a mirror.  After being waited upon by the defendant,
Sherman and his friend, Armenia, left the shop and
went into a restaurant next door and ate dinner.  Upon
coming out of the restaurant, Sherman felt in his pocket
for the roll of bills and found that it was not there, and
returned immediately to the defendant's barber shop,
which he found locked up, with no one inside.  Subse-
quently, when the defendant came back to the shop, one
Atkinson, a policeman of the town, and the chief of
police, who had been provided with a search warrant,

searched the defendant's place of business and found a roll of bills, tied up with a string, containing two $100 bills, and other smaller bills, amounting in all to the sum of $248. The witness Sherman testified that when the package of money was found the string around it was tied in a different way than when placed by him in front of the mirror, and that he could see it had been untied and some of it was missing. The policeman, Atkinson, testified that the defendant at first offered no objection to his premises being searched, but that after the search had commenced, and while they were thus engaged, the defendant offered objection to further search, and a search warrant was sworn out, and that when the search proceeded he (Atkinson) and defendant started towards the back part of the shop, when the defendant rushed up to a tub setting under a water drip and "grabbed up the tub and grabbed the money." The witness then testified that after a scuffle with the defendant, the defendant shoved the money through a hole in the floor; whereupon the witness, who was holding to and scuffling with the defendant, called to the chief, who came up and took the money out of the hole in the floor. Peter Shont, the chief of police, testified substantially in corroboration of the policeman, and Henry Armenia testified to Sherman's having left the $500 in bills on the shelf in defendant's shop. This witness testified that he had counted the roll of bills, and that he knew it contained exactly $500.

The defendant denied all knowledge of any connection with the money, or of having seen it until the roll of bills was taken from the hole in the floor by the chief of police. Several witnesses were examined by the defendant, who testified to his general good character and reputation for honesty.

On the cross-examination of the witness Sherman by the defendant, he was asked if he had not been charged

in the "courts at Huntsville" for selling liquor, and if he had not been fined in such courts for that offense. The court properly sustained the objection made by the state's counsel to these questions. For aught that appeared from the question, the defendant was seeking to show a conviction for the violation of a municipal ordinance in the mayor's court at Huntsville; and the competency of evidence showing a conviction of crime going to the credibility of a witness contemplates only convictions for violation of the state laws.—*Cheatham v. State,* 59 Ala. 40.   Nor are we prepared to say that moral turpitude, signifying an inherent quality of baseness, vileness, or depravity, was involved in the crime sought to be shown.—*Gillman v. State,* 165 Ala. 135, 51 South. 722.   Between the fact sought to be elicited and the offense charged against defendant, there was not such a connection as would warrant an inference that the witness was biased because of having been charged or convicted of selling liquor; nor is there any phase of the case that would have been in the least illumined by proof of such fact.—*Wilkerson v. State,* 140 Ala. 165, 37 South. 265. What we have said in reference to the ruling of the court on this matter disposes of the defendant's exception to the court's sustaining the solicitor's objection to the question asked the witness Atkinson, on cross-examination, about having resigned from the police force because of some charge having been preferred against him.

There was no error committed by the court in allowing the witness Shont to testify that the prosecuting witness stated in his presence, and in the presence of the defendant, at the time the roll of bills was taken by witness from the hole in the floor, that it was tied in a different way from the way he had tied it.

There was no abuse of the discretion lodged in the trial court in the cross-examination of the defendant.

The range and extent of cross-examination rests largely in the discretion of the trial court, and, unless it be clearly shown that the discretion has been abused, the court will not be put in error.—*Smiley v. Hooper,* 147 Ala. 646, 41 South. 660; *Noblin v. State,* 100 Ala. 13, 14 South. 767.

The defendant had seen fit to open up the subject relative to the whisky, and it was entirely permissible for the solicitor to go into the matter on cross-examination. —*Wall v. State,* 2 Ala. App. 157, 56 South. 57.

There is no merit in the objection to the question asked the witness Atkinson as to how long it was from the time the search of the defendant's premises was stopped by him until the warrant was procured and the search continued.

The refused charge requested by defendant bases an acquittal on part of the evidence, *i. e.,* an acquittal based on a reasonable doubt growing out of a consideration alone of defendant's good character for honesty. The charge was properly refused.—*Coppin v. State,* 123 Ala. 58, 26 South. 333; *Miller v. State,* 107 Ala. 40, 19 South. 37; *Goldsmith v. State,* 105 Ala. 8, 16 South. 933; *Springfield v. State,* 96 Ala. 81, 11 South. 250, 38 Am. St. Rep. 85; *Grant v. State,* 97 Ala. 35, 11 South. 915.

The judgment entry shows that the defendant was sentenced to hard labor for the county for costs at the rate of 40 cents per day, when the sentence should be at the rate of 75 cents per day. The judgment will be here corrected as to the rate, and, as thus corrected, is affirmed.—Code, § 7635; *Dowling v. City of Troy,* 1 Ala. App. 508, 56 South .116; *J. W. Loudermilk v. State, infra,* 58 South. 180, and authorities there cited.

Corrected and affirmed.