# Pippin v. The State.

## Murder.

(Decided November 30, 1916. 73 South. 340.)

1. **Witnesses; Competency; Conviction of Offense.**—Selling cocaine is a misdemeanor, and a conviction therefor does not affect the credibility of a witness under § 4008, Code 1907.

2. **Same; Impeachment; Moral Turpitude.**—Moral turpitude implies something immoral in itself, regardless of its being punishable by law, so that an offense for the conviction of which a witness's credibility is affected must be mala in se, and not merely mala prohibita.

3. **Homicide; Evidence.**—Where no evidence has been introduced showing any overt act on the part of deceased, it was not error to sustain objection to the question whether witness had heard deceased make any threats of a general character against defendant.

4. **Charge of Court; Facts Proved.**—A charge asserting that if there were two reasonable constructions which can be given to facts established, one favorable and the other unfavorable to defendant, it is the jury's duty to give the favorable construction rather than the unfavorable construction, was properly refused.

5. **Same; Reasonable Doubt.**—A charge asserting that if there is one single fact proved to the satisfaction of the jury inconsistent with the guilt of defendant, that is sufficient to raise a reasonable doubt, and the jury should acquit, was properly refused.

·6. **Homicide; Duty to Retreat.**—A charge asserting that it was only necessary for defendant to show that deceased attacked him and placed him in imminent danger, real or apparent, of losing his life, or suffering grievous bodily harm, and the burden then shifts to the state to prove beyond a reasonable doubt that defendant was not free from fault, omitted all reference to the duty of retreat, and was properly refused.

7. **Same.**—A charge that if defendant was free from fault, he was under no duty to retreat unless he could have retreated without increasing his danger, or with reasonable safety, assumes defendant's imminent peril, and was properly refused.

8. **Same; Charge of Court; Good Character; Undue Prominence.**—Charges to consider evidence of defendant's good character as a circumstance tending to show innocence, and to consider evidence of good character for quietness and peacefulness as tending to disprove commission of the crime, are objectionable as singling out and giving undue prominence. to proof of good character, and pretermiting its consideration along with other evidence.

9. **Homicide; Provoking Difficulty.**—A charge that if deceased was of violent character, which was known to accused, such facts were evidence that defendant reasonably apprehended an attack from deceased, assumes that accused could rightfully apprehend the attack regardless of overt act or hostile demonstration, and was otherwise faulty.

10. **Same.**—For like reasons an instruction that defendant had the right to guard himself against a violent, murderous attack from the deceased, which he reasonably apprehended, was properly refused.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

James Pippin was convicted of murder in the second degree, and he appeals. Affirmed.

Defendant was charged with killing Charlie Williams. After being examined as a witness for the state, Charlie Tipton was asked, on cross-examination, if he was not then serving sentence on the county road for selling cocaine. The state objected, and the court sustained the objection. While Jim Peterson was being examined, he was asked by defendant: "Did you hear Charlie Williams make any threat of a general nature which might apply to Jim Pippin?" And also: "Did you, at any time that morning, warn this defendant against Charlie Williams?" Objection was sustained to both these questions. The witness had formerly stated that he did not hear Charlie Williams make any threat against this defendant. The defense was that Charlie Williams was a bloodthirsty, dangerous man, and was following defendant

[Pippin v. The State.]

with a hammer when the fatal shot was fired. The following charges were refused to defendant:

(1) The court charges the jury that it is a well-settled rule of law that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to the accused party.

(19) If there is one single fact proved to the satisfaction of the jury, which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

(21) In this case it is only necessary for defendant, in order to make out a case of self-defense, to reasonably satisfy you by the evidence in this case that deceased made an attack upon him under such circumstances as to place him in imminent danger, real or apparent, of losing his life or suffering grievous bodily harm, and the burden then shifts to the state to prove by the evidence beyond a reasonable doubt that defendant was not free from fault in bringing on the difficulty.

(23) If defendant was free from fault in bringing on the difficulty, he was under no duty to retreat unless you believe he could have retreated without increasing his danger or with reasonable safety.

(30) The jury may consider evidence of defendant's good character as a circumstance tending to show his innocence.

(31) The jury may consider evidence of defendant's good character for quiet and peacefulness as tending to disprove his commission of the offense charged.

(33) If you believe from the evidence that deceased was a man of violent character, and that such character was known to defendant, these facts are evidence that defendant reasonably apprehended an attack from deceased.

(34) The defendant had the right to guard himself against a violent, murderous attack from the deceased which he reasonably apprehended.

The jury returned a verdict of murder in the second degree, and imposed a sentence of 25 years in the penitentiary.

WILLIAM MCLEOD, and DAVID B. GOODE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

[Pippin v. The State.]

ANDERSON, C. J.—(1) Selling cocaine is a misdemeanor under our statute, and a conviction for same is not crimen falsi, and does not affect the credibility of one convicted therefor under the terms of section 4008 of the Code of 1907.—*Gordon v. State,* 140 Ala. 29, 36 South. 1009; *Smith v. State,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; *Fuller v. State,* 147 Ala. 35, 41 South. 774; *Williams v. State,* 144 Ala. 14, 40 South. 405. The trial court did not err in sustaining the state's objection to the defendant's question to the witness as to whether or not he was serving a sentence on the county road for selling cocaine. It is true that the statute has undergone a slight change as it appears in section 4008 in the Code of 1907, by the substitution of crimes involving moral turpitude for infamous crimes, yet we do not think that the offense of selling cocaine involves moral turpitude. This is a stautory crime, not punishable at common law. It is of the description malta prohibita, as there is no inherent immorality in such acts, and its illegality lies only in the fact of being prohibited.—Black on Intoxicating Liquors, par. 383.

(2) As said in the case of *Fort v. Brinkley,* 87 Ark. 400, 112 S. W. 1084: "Moral turpitude implies something immoral in itself, regardless of the fact whether it is punishable by law. The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude."—*Gillman v. State,* 165 Ala. 135, 51 South. 722; *Swope v. State,* 4 Ala. App. 83, 58 South. 809; *Smith v. State,* 159 Ala. 68, 48 South. 668.

(3) The trial court did not err in sustaining objections to questions to Jim Peterson as to threats of a general nature made by the deceased, as there was no evidence up to this stage of the trial as to any overt act of the deceased, even if the form of the question was proper, which we do not decide.

The other exceptions to the ruling upon the evidence are so patently without merit that a discussion of same can serve no good purpose.

(4) The defendant's requested charge 1 was properly refused.—*Walker v. State,* 134 Ala. 86, 32 South. 703.

(5) There was no error in refusing defendant's requested charge 19.—*Ex parte Davis,* 184 Ala. 26, 63 South. 1010.

(6) Defendant's refused charge 21 pretermits the duty to retreat.—*Stewart v. State,* 137 Ala. 33, 34 South. 818; *Andrews v. State,* 159 Ala. 14, 48 South. 858.

[Herbert v. Board of Education.]

(7) There was no error in refusing defendant's requested charge 23. If not otherwise bad, it assumes that defendant was in imminent peril at the time.—*Johnson v. State,* 8 Ala. App. 14, 62 South. 450; *Roden v. State,* 97 Ala. 54, 12 South. 419.

(8) There was no error in refusing defendant's requested charges 30 and 31. They single out and give undue prominence to proof of good character and pretermit a consideration of same in connection with the other evidence. The defendant got the benefit of a correct charge as to good character under his given charge 22.

(9, 10) There was no error in refusing the defendant's requested charges 33 and 34. If not otherwise bad, they assume that the defendant had the right to apprehend an attack if he knew the deceased was a man of violent character, regardless of whether or not the deceased was committing any overt act or making any hostile demonstration.

The judgment of the city court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.