173 So. 890

## WIGGINS v. STATE.

### 4 Div. 299.

Court of Appeals of Alabama.

April 13, 1937.

E. O. Baldwin, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted jointly with Robert Dawkins and Nathan Snowden in an indictment containing seven counts; some of which counts charged robbery and some of them grand larceny. The injured party being Lonnie Smith. From the judgment rendered in the case, Foster Wiggins appeals.

■ Contention is made by appellant's counsel that the evidence, if believed beyond a reasonable doubt, makes a clear case of robbery and that, therefore, the defendants were entitled to the affirmative charge as to the counts charging grand larceny. This insistence is untenable. Every element of larceny is included in a charge of robbery and where there are counts properly joined, one charging robbery and the other grand larceny, the State is not required in such case to elect which of the offenses it will prosecute and a general verdict is referable to either count. Howard v. State, 108 Ala. 571, 18 So. 813.

■■ When Lonnie Smith was being examined as a witness for the State, he was asked by the solicitor this queston: "I will ask you if Foster Wiggins testified or said at that time then when you came back to the car and said to him and Snowden that it was all a plotted piece of business, that he then got out of the car and said, you were a dam lie and knocked you down?" This question was asked for the purpose of impeaching the testimony of the witness Foster Wiggins, who testified in his own behalf and in behalf of the other defendants. No sufficient predicate was laid for the introduction of this evidence and, therefore, the action of the court in overruling defendant's objection was error. A witness cannot be impeached by proving a statement different from the one sworn to on the trial, unless he has been examined as to his having made such statement. Atwell v. State, 63 Ala. 61. The above is the universal rule followed in this state in numerous cases cited in Alabama Digest, Vol. 19, Witnesses, ☞388(2).

■ When Robert Dawkins was being examined as a witness in behalf of himself and the other defendants, he was asked by the solicitor: "Isn't it a fact that you were convicted in the Circuit Court of Escambia County, Florida, at Pensacola, for bootlegging and sentenced to the penitentiary in that State?" This question was properly ob-

452

jected to, the objection overruled, and exception reserved. Under sections 7722 and 7723 of the Code of 1923, which sections are usually construed together, no objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility. But it has been universally held, construing the two sections above referred to in pari materia, that the crime inquired about should relate to such crimes involving moral turpitude, and where a court, over the objection of a defendant, allows evidence of the conviction of a witness on a charge of misdemeanor not involving moral turpitude the ruling of the court is error.

As to whether or not a conviction in the courts of Florida for a crime against the laws of that state would be here admissible, we do not decide, although in our cases Gillman v. State, 165 Ala. 135, 51 So. 722, and Swope .v. State, 4 Ala.App. 83, 58 So. 809, it is held that convictions to affect a witness' credibility contemplate only convictions for violation of state laws, and do not authorize proof for such purposes for conviction of violating the laws of other jurisdictions. It is unnecessary to pass upon that question in this case, for the reason that "bootlegging," assuming that word means the illicit sale of intoxicating liquors, is not a crime involving moral turpitude. Such has been the holding both in the Supreme Court and this court in Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338; Marshall v. State, 18 Ala.App. 526, 93 So. 380; Baugh v. State, 215 Ala. 619, 112 So. 157. Many other cases to the same effect might be cited, but the above will be sufficient. While to be a bootlegger does import a very low moral character in the minds of many people, in law, the fact of conviction of that offense does not affect or tend to impeach the character of a witness testifying in court.

There are many objections and exceptions to testimony appearing in the record, but as we see it, it will not be necessary for us to pass upon them on this appeal; as such questions will probably not arise on another trial.

· For the two errors, above set out, the judgment in this case is reversed and the cause is remanded.·

Reversed and remanded. ·