123 So.2d 911

Alto (alias Alton) HUGGINS

v.

STATE of Alabama.

4 Div. 1.

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied Nov. 17, 1960.

E. C. Boswell and Jack W. Smith, Geneva, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

## COLEMAN, Justice.

Appellant was tried and convicted on an indictment which charged that he did carnally know, or abuse in the attempt to carnally know, a girl under the age of twelve years. § 398, Title 14, Code 1940. The jury found appellant guilty of an abuse of the girl in an attempt to carnally know her and fixed his punishment at imprisonment in the penitentiary for forty-five years. Motion for new trial was overruled.

Evidence for the state tended to show that the girl was six years old; that appellant was fixing a window in a house across the street from the house where the girl lived; that she went to the house across the street; that appellant went into the house and the girl followed him into the kitchen; that appellant helped take off the girl's pedal pushers and made her lie down on the floor; that appellant sat up and the girl put her legs across his and he rubbed his "tee-tee" against hers; that when he rubbed it hurt the girl "a little bit" and then "it was damp"; that appellant then let the girl get up and helped her put on her pedal pushers; and the girl went home and told her mother. The mother testified that she examined the girl's sexual organs which looked irritated and red on the inside, and that she took the girl to a physician about forty or forty-five minutes after the girl came home. The physician testified that his examination of the girl disclosed some swelling and irritation around the entrance to her vagina, that there was no other injury to her sexual organs, that he did not know the cause of the irritation, that it could have been caused from a number of things, and that it could have been caused from the penis of a man or from some internal disease without any friction on the outside.

Appellant testified that the girl did come to the house where he was working but denied that he had ever touched her in any way whatever. The mother did not recall that she saw any red chalk marks on the body or clothes of the girl. Appellant testified that he was using a red chalk line on the morning in question and when arrested had chalk stains on his hands and clothes. After colloquy be-

tween court and counsel, the chalk line was received in evidence over the state's objection.

Evidence for the state tended to show that human semen and pubic hairs were found on the floor of the kitchen. Appellant testified that he had masturbated and placed semen on the kitchen floor.

The first witness called by the state was the mother of the girl. This witness testified that on the morning in question, the girl made a statement to the witness. During direct examination of the mother the following appears in the record:

"Q. What did she say? A. She called me into her bedroom, because there were others in the house.

"Mr. Boswell: We move to exclude that statement.

"The Court: Yes, I sustain the motion to exclude. A. She called me into her bedroom which is at the front of the house and said, 'That man over there rubbed his "tee-tee" on mine,' and I said, 'What man?', and she took me to the window[s] which are in the front of the house, facing the street and the houses across the street, pointed over to the house which is the home of Joel Draughon, where a man was in front with some tools doing some carpenter work, putting in a window, I believe.

"Q. Did you later see that man that was there? A. Yes, sir.

"Mr. Boswell: We move to exclude what the witness has testified to with reference to what Patricia Ann Parker told her on that occasion.

"The Court: I overrule the motion at this time to exclude, with the understanding that if it is not connected up, I will exclude it.

"Mr. Boswell. We reserve an exception to the ruling of the Court.

"Q. Did you later see that man, Mrs. Parker? A. I saw him right then, the minute she pointed him out.

"Q. She pointed him out? A. Yes, sir.

"Q. How was this man dressed?

"Mr. Boswell: I want to move to exclude that Patricia Ann Parker pointed the man out.

"The Court: Overrule your motion.

"Mr. Boswell: We reserve an exception.

"Q. I will ask you whether or not that man was this defendant here? A. Yes; you asked me how he was dressed. At that time he was dressed in work clothes and he had on a hat, striped hat, I call it a railroad cap, tall with a visor.

"Q. Cap? A. Yes, sir, a cap.

"Q. I will ask you if that man that Patricia Parker pointed out to you was one and the same person as the defendant, Alto Huggins or Alton Huggins? A. Yes, sir.

"Mr. Boswell: We object to the question, if the Court please.

"The Court: Overrule the objection for the present.

"Mr. Boswell: We move to exclude the answer.

"The Court: Overrule the motion.

"Mr. Boswell: We reserve an exception to both of the Court's rulings."

Appellant did not cross-examine the mother. The father of the girl then testified, but appellant did not cross-examine him. The prosecutrix then testified, and during the course of her direct examination the following appears:

"The Court: Now, at this time, the Court excludes the testimony of Mrs.

Parker, that the present witness, Patricia Ann Parker, pointed out a man across the street at another house, as being the man who had done something to her. Exclude that statement made by this witness to Mrs. Parker and which Mrs. Parker has testified about. Gentlemen, when you go to weigh and consider the testimony in this case, deliberate on this case, do not take into consideration any statement in that respect, that Mrs. Parker had testified about the little girl pointing out a man across the street and making a statement to her as to what he had done.

"The Court: I believe that is the substance of what you moved to exclude, Mr. Boswell?

"Mr. Boswell: Yes, we moved to exclude all that the present witness*es'* mother testified as to what this little girl told her, and then we except to the ruling of the Court on your motion.

"The Court: I overrule your motion to exclude that portion of the testimony of Mrs. Parker that the little girl told her that a man had rubbed his 'tee-tee' on her 'tee-tee', on the grounds that it was a complaint being made immediately after, or closely after the alleged event and you except to that ruling?

"Mr. Boswell: We except to the ruling of the Court."

This court has said:

" * * *. When the complaint does not constitute a part of the *res gestae,* but is received only in corroboration of the prosecutrix's testimony, the general rule is that the details or particulars cannot be introduced, in the first instance, by the state. This would exclude any statement made in the complaint pointing out the identity of the person accused, or explaining the injuries claimed to have been received during the alleged perpetration of the crime, or otherwise giving the minute circumstances of the event. (Citations omitted)." Barnett v. State, 83 Ala. 40, 44, 3 So. 612, 614.

See also: Lacy v. State, 45 Ala. 80; Scott v. State, 48 Ala. 420; Bray v. State, 131 Ala. 46, 31 So. 107; Oakley v. State, 135 Ala. 15, 33 So. 23; Posey v. State, 143 Ala. 54, 38 So. 1019; Gaines v. State, 167 Ala. 70, 52 So. 643; Lee v. State, 246 Ala. 69, 72, 18 So.2d 706; Hall v. State, 248 Ala. 33, 26 So.2d 566; Aaron v. State, ante, p. 70, 122 So.2d 360; and Newton v. State, 32 Ala.App. 640, 29 So.2d 353.

This rule requiring exclusion of hearsay evidence stating the details of the complaint was applied in a prosecution under § 398, Title 14, Code 1940, in Lee v. State, supra.

With commendable candor, the state concedes in brief that details of the complaint are not admissible on direct examination, but argues that violation of the rule in the instant case is error without injury because the court excluded from the consideration of the jury the mother's statement that the girl pointed out the appellant, and also because the girl, by her own testimony in open court, identified appellant as the man who abused her.

It is clear that the trial court did not exclude the mother's testimony going into the details of the manner of the event which the girl stated in the complaint, and we are not clear to the conclusion that the instructions of the trial court did, in fact, effectively exclude from the jury the details of the complaint going to show that appellant was the man accused by the girl.

 If testimony of the prosecutrix describing details of the event is to be considered as eliminating the injury caused by error in admitting details of the complaint, the rule requiring exclusion of such details would have a most limited, if any, field of operation. There are few, if any, trials for rape, or kindred offenses, where the injured female does not testify. Moreover, the rule excluding details of the com-

plaint, applies to the prosecutrix herself when she is the witness who testifies that complaint was made. We are of opinion that the testimony of prosecutrix herself, describing the event in open court, from her own memory, does not cure the error of admitting hearsay evidence of the same details described in a complaint made to some other person.

In Hall v. State, supra, a rape case, this court indicated that error in admitting details of the complaint naming defendant as the accused might be without injury where defendant admitted having intercourse with prosecutrix and insisted it was with her consent. In the instant case, however, appellant denied that he had ever touched prosecutrix in any manner whatever. Moreover, conviction in Hall v. State, supra, was reversed anyway on other grounds. In the instant case, error in admission of such details was not cured by subsequent instructions or by other evidence. The complaint was not part of the res gestae and appellant had not inquired into details of the complaint or sought to impeach witness or prosecutrix in the matter of complaint. Testimony of the mother relating such details was not admissible and the trial court erred in overruling appellant's objections thereto and in refusing to exclude testimony of the mother going to show the details of the complaint describing the manner of the event.

On cross-examination of appellant the record recites in pertinent part as follows:

"Q. Mr. Huggins, are you the same Alto Huggins that was convicted in the City court on December 29, 1947, of soliciting and carrying passengers to a house of ill-fame?

"Mr. Boswell: We object, if the Court please.

"The Court: On what grounds?

"Mr. Boswell: On the grounds he was not guilty of a felony.

"The Court: It would be an offense involving moral turpitude. Overrule the objection.

"Mr. Boswell: We reserve an exception.

"A. Just what do you mean? I want to know.

"Q. I asked you were you convicted on December 29, 1942, in the City Court of Dothan, Alabama, for soliciting and carrying passengers to a house of ill-fame. In other words, for being a pimp? A. 1942? In the City of Dothan?

"Q. 1942, in the City of Dothan? A. I don't know as the City of Dothan ever got me for that.

"Q. Do you deny that they got you for that, and convicted you? A. City of Dothan, yes, sir.

"Q. Do you deny that you were convicted in the City Court of Dothan, Alabama, on that charge? A. Yes, sir."

▉▉▉ The statute, § 434, Title 7, Code 1940, relating to the competency and credibility of witnesses as affected by conviction for crime, contemplates only convictions for violation of the state laws, and not convictions for violation of municipal ordinances, and the trial court erred in overruling the appellant's objection to the question which asked whether or not he had been convicted in the City Court of Dothan. Cheatham v. State, 59 Ala. 40; Burns v. Campbell, 71 Ala. 271; Gillman v. State, 165 Ala. 135, 51 So. 722; Wilson v. Vassar, 214 Ala. 435, 108 So. 250; Norris v. State, 229 Ala. 226, 156 So. 556; Grammer v. State, 239 Ala. 633, 196 So. 268; Huckabaa v. State, 4 Ala.App. 68, 58 So. 684; Swope v. State, 4 Ala.App. 83, 58 So. 809. The appellant, however, answered the question in the negative. After examination of character witnesses, as hereinafter mentioned, the court in-

structed the jury to disregard "the fact that the defendant was convicted in the City Court of Dothan, Alabama, for carrying passengers to a house of ill-fame," and that the conviction in the city court became a nullity when it was appealed to the circuit court and there dismissed.

If the matter of appellant's conviction in the city court had been presented to the jury only by the question propounded to appellant and by his negative answer, and there had been nothing more placed before the jury concerning that matter, the error would have been harmless, Thompson v. State, 100 Ala. 70, 14 So. 878; Helms v. State, 254 Ala. 14, 47 So.2d 276; but more concerning this matter was presented to the jury.

Appellant placed on the stand sixteen witnesses who testified to his good character. Over appellant's objection, the state asked each of the sixteen substantially the following question:

"Have you ever heard he was convicted in the City Court of the City of Dothan, Alabama, on December 29, 1942, for soliciting and carrying passengers to a house of ill-fame?"

The form of the question propounded to two witnesses was, "Do you know," and to one other was, "Did you learn."

"The vice in the form of the question which inquires of the witness as to whether he knows of specific acts of misconduct is that it asserts as a fact that the accused has committed the acts which the state is prohibited from proving." Parrish v. State, 163 Tex.Cr.R. 252, 290 S.W.2d 245, 246.

Thereafter the state proved by the Clerk of the Circuit Court of Houston County that appellant had been convicted in the city court and that the conviction had been appealed to the circuit court. On cross-examination of the clerk, appellant proved that on the appeal to the circuit court, the case against appellant had been dismissed. After proof of such dismissal, the trial court in the case at bar instructed the jury to disregard all reference to the alleged conviction in the city court. In view of this action of the trial court, which we think was proper, we anticipate that the same question will not be propounded to the character witnesses on another trial.

■ Appellant complains that he was prejudiced by remarks of the court made in connection with admission of the red chalk line in evidence. We are of opinion that defendant was entitled to have the chalk line admitted in evidence and anticipate that it will be admitted on another trial without grounds for complaint on the part of appellant.

■ Appellant argues that the court erred in overruling his motion for new trial on the ground that the evidence was insufficient to sustain a conviction of appellant for an abuse of the prosecutrix in an attempt to carnally know her. If the testimony of the prosecutrix be believed, appellant placed his genitals in physical contact with the private parts of the prosecutrix. We think her testimony was sufficient to support a finding that appellant did abuse prosecutrix in an attempt to have carnal knowledge. The evidence further showed that the contact hurt "a little bit" and that the physician who examined prosecutrix saw "some swelling and irritation of the lips of her privates, around the entrance to her vagina." We are of opinion that this evidence was sufficient to support a finding by the jury that appellant did abuse prosecutrix as the term, abuse, is used in the statute. § 398, Title 14, Code 1940. Lee v. State, supra. The court did not err in overruling the grounds of the motion for new trial taking the point that the evidence was insufficient to support the verdict, or in refusing the affirmative charge with hypothesis requested in writing by appellant.

Refused Charge 9 was covered by given Charge 4. Refused Charge 15 was covered by given Charges 14 and 16. Refused Charge 10 was not hypothesized on a belief from the evidence and was refused without error. Higginbotham v. State, 262 Ala. 236, 241, 78 So.2d 637.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.