We granted the petition for writ of certiorari in this case for consideration of a single issue: Whether Defendant's prior conviction for felony possession of marijuana is a conviction of a crime involving moral turpitude, and thus admissible into evidence for impeachment purposes. For reasons hereinafter stated, we hold that felony possession is not a crime involving moral turpitude. Accordingly, we reverse and remand.
 FACTS
Defendant Ricky Glenn McIntosh was tried for rape in the first degree, convicted by a jury, and sentenced to life imprisonment. The Court of Criminal Appeals affirmed.[1] During the trial, Defendant took the stand in his own defense and admitted, during questioning by the assistant district attorney, to having a prior felony conviction for possession of marijuana. This evidence was admitted for impeachment purposes, over a timely objection by Defendant's counsel.
 DECISION
On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character or his inclination or propensity to commit the type of crime for which he is being tried. Loggins v. State, 52 Ala. App. 204,290 So.2d 665 (1974); Swicegood v. State, 50 Ala. App. 105, 277 So.2d 380
(1973).
As a general rule, however, a defendant who takes the stand in his own behalf during a criminal trial can be questioned on cross examination about prior convictions for crimes involving moral turpitude. Sims v. State, 51 Ala. App. 183, 191,283 So.2d 635, 642 (1973). Code 1975, § 12-21-162 (b), which governs the admissibility of a witness's prior conviction for a crime involving moral turpitude, states:
 "As affecting his credibility a witness may be examined touching his conviction for a crime involving moral turpitude, and his answers may be contradicted by other evidence."
The statute, however, does not define "moral turpitude," and gives no guidance as to what crimes involve moral turpitude.
C. Gamble, McElroy's Alabama Evidence, § 145.01 (7) (3d ed. 1977), comments on the Alabama rule thusly:
 "The Supreme Court of Alabama has defined the term `moral turpitude' on many occasions and the following are the most commonly found definitions. Moral turpitude signifies an inherent quality of baseness, vileness and depravity. It is immoral in itself, regardless of the fact that it is punished by law. Therefore, an offense for conviction of which a witness' credibility is lessened must be mala in se
and not mala prohibitum. [Footnote 1.]"
 "[Footnote 1]. Meriweather v. Crown Investment Corp., 289 Ala. 504, 268 So.2d 780 (1972) (defining moral turpitude *Page 1285 
as `an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowman or to society in general'); Sims v. Callahan, 269 Ala. 216, 112 So.2d 776 (1959) (contains a comprehensive discussion of these definitions); Lackey [Lakey] v. State, 206 Ala. 180, 89 So. 605 (1923); Pippin v. State, 197 Ala. 613, 73 So. 340 (1916); Gillman v. State, 165 Ala. 135, 51 So. 722 (1940)."
For an additional case defining "moral turpitude," see Williamsv. State, 55 Ala. App. 436, 437, 316 So.2d 362, 363 (1975).
In Gholston v. State, 338 So.2d 454 (Ala.Cr.App. 1976), the Court of Criminal Appeals held that the sale of marijuana is a crime involving moral turpitude. Two years later, that court held that misdemeanor possession of marijuana is not a crime involving moral turpitude, but left unanswered the question of whether felony possession of marijuana involved moral turpitude.[2] Luker v. State, 361 So.2d 1124 (Ala.Cr.App.), cert. dismissed, 361 So.2d 1127 (Ala. 1978).
Because we must now decide a question of first impression, that being whether felony possession of marijuana involves moral turpitude, a close analysis of the moral turpitude impeachment rule and its rationale proves helpful. The high probability of prejudice against a defendant makes the admissibility of his previous criminal convictions a controversial issue. Note, 18 Wake Forest L.Rev. 571 (1982).
This notion of prejudice has been said to encompass two tendencies of juries: 1) The tendency to convict not because the defendant is guilty of the charged offense, but because evidence introduced shows he is a bad person who should be incarcerated regardless of his present guilt, and 2) the tendency to infer that, because the defendant committed a prior crime, he committed the crime charged. Comment, Other CrimesEvidence at Trial: Of Balancing and Other Matters, 70 Yale L.J. 763 (1961). Thus, a defendant wishing to testify in his own behalf faces this dilemma: Testify and run the risk of greatly prejudicing his defense by introduction of prior convictions to impeach, or refrain from testifying and damage his defense by not telling his side of the story.
The rationale for admitting impeachment evidence when a defendant, or any other witness, testifies is that certain evidence of prior criminal acts and general character relates to a person's propensity to lie; therefore, the jury should have and use this evidence, but only for the limited purpose of evaluating the witness's veracity. It follows, then, for impeachment evidence of a prior criminal conviction to be admissible, the prior crime must involve such dishonesty, baseness, or depravity that its commission adversely reflects on the witness's credibility thenceforth.
Our cases show that not all crimes punishable by imprisonment are crimes involving moral turpitude. McGovern v. State,44 Ala. App. 197, 205 So.2d 247 (1967). The case law further shows that all felonies do not per se involve moral turpitude. Owensv. State, 291 Ala. 107, 278 So.2d 693 (1973); Kennedy v. State,371 So.2d 464 (Ala.Cr.App. 1979).
Among those crimes that rise to such a level as to permanently cast doubt on the truthfulness and veracity of those who commit them are: 1) murder, Johnson v. State,265 Ala. 360, 91 So.2d 476 (1956); 2) rape, Matthews v. State,51 Ala. App. 417, 286 So.2d 91 (1973); 3) burglary, Matthews,supra, 4) robbery, Matthews, supra; 5) larceny, Matthews,supra; and 6) income tax evasion, Meriwether v. Crown Investment *Page 1286 Corp., 289 Ala. 504, 268 So.2d 780 (1972).
Among those crimes not involving moral turpitude are: 1) assault and battery, Gillman v. State, 165 Ala. 135, 51 So. 722
(1910); 2) bootlegging, Wiggins v. State, 27 Ala. App. 451,173 So. 890 (1937); 3) distilling or otherwise violating prohibition laws, Lakey v. State, 206 Ala. 180, 89 So. 605
(1921); 4) doing business without a license, Craven v. State,22 Ala. App. 39, 111 So. 767 (1927); 5) trespass to land, UnitedStates Lumber Cotton Co. v. Cole, 202 Ala. 688, 81 So. 664
(1919); 6) vagrancy, Bryan v. State, 18 Ala. App. 199,89 So. 894 (1921); 7) using abusive and obscene language, Craven,supra; and 8) public drunkenness, Grammer v. State, 239 Ala. 633,196 So. 268 (1927). In addition, drug-related offenses under prior criminal statutes have been held not to involve moral turpitude. Pippin v. State, 197 Ala. 613, 73 So. 340
(selling cocaine (when such sale was a misdemeanor)); Peters v.State, 240 Ala. 531, 200 So. 404 (1941) (violation of Harmon Narcotic Act).
In light of the foregoing cases, we cannot hold that the mere possession of marijuana is a crime involving moral turpitude, even though it is classified as a felony. In so holding, we draw a distinction between possession for personal use and possession for resale to others. We cannot see how felony possession for personal use differs from misdemeanor possession for personal use as an indicium of a witness's future trustworthiness. The legislative choice to punish subsequent personal possessory offenses, crimes mala prohibita in nature, more severely than the initial possessory offense, does not, by itself, change the character of the offense as it relates to moral turpitude. Possession for resale, however, takes on an entirely different character, one which does involve moral turpitude. Gholston v. State, supra.
Trafficking in and encouraging others to utilize a controlled substance, such as marijuana, indicates far greater untrustworthiness and depravity of character than personal consumption of a controlled substance. One could logically assume that, because of the illegal nature of trafficking itself, a person would likely lie and operate covertly in order to engage in such selling. On the other hand, personal consumption is likely achieved without such conduct.
Because of our holding that felony possession is not a crime involving moral turpitude, it follows that the judgment of the Court of Criminal Appeals should be reversed and the cause remanded to that court for a judgment of reversal and remand for a new trial in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
FAULKNER, J., not sitting.
[1] For a detailed factual summary of these proceedings, as well as Appellant's other allegations of error below, not here relevant, see McIntosh v. State. 443 So.2d 1275 (Ala.Cr.App. 1983).
[2] Felony possession of marijuana is punishable by a minimum of two years' imprisonment for amounts not exceeding 2.2 pounds (Code 1975, § 20-2-70 (a)), and a minimum of three years' imprisonment plus a $25,000 fine for amounts over 2.2 pounds (Code 1975, Supp. 1982, § 20-2-80).
Misdemeanor possession of marijuana exists only for marijuana held for "personal use," and is a one-time exception (Code, § 20-20-70 (a)); Roberts v. State, 349 So.2d 89 (Ala.Cr.App.), cert. denied, 349 So.2d 94 (Ala. 1977).