(81 South. 664)

## UNITED STATES LUMBER & COTTON CO. v. COLE et ux. (1 Div. 26.)

(Supreme Court of Alabama. May 1, 1919.)

1. ADVERSE POSSESSION ⊖⟶100(1) — POSSESSION UNDER COLOR OF TITLE—CONSTRUCTIVE POSSESSION.

Where a party had color of title through a deed to a quarter section of land, his actual possession of a part of the area effected to extend his possession to the whole body of the land described in the deed.

2. EVIDENCE ⊖⟶178(4)—LOST DEED—SECONDARY EVIDENCE.

In an ejectment action, where defendant showed the destruction of a deed under which he was holding the land under color of title, it was proper to permit the introduction of secondary evidence of the deed's contents.

3. WITNESSES ⊖⟶345(2) — IMPEACHMENT — CONVICTION—TRESPASS—OFFENSE NOT INVOLVING MORAL TURPITUDE.

Under Code 1907, § 4009, providing that a witness may be examined touching his conviction for crimes, evidence showing a conviction for trespass on lands of plaintiff did not affect the credibility of the witness, since the offense did not involve moral turpitude.

4. EVIDENCE ⊖⟶273(3) — DEFENDANT'S DECLARATIONS—CLAIMS TO LAND.

In an ejectment action, testimony of defendant's declarations referable to his assertion of claim to the land were admissible.

5. ADVERSE POSSESSION ⊖⟶27—EVIDENCE OF CUTTING TIMBER—ADMISSIBILITY.

In ejectment, evidence of defendant's cutting or boxing timber thereon, indicating his claim of ownership, was not subject to objection.

6. CUSTOMS AND USAGES ⊖⟶8 — VALIDITY—UNLAWFUL ACTS.

In an ejectment action where evidence had been introduced to show that defendant cut and boxed timber on the land, it was proper to exclude plaintiff's evidence tending to show a general wrongful practice of persons to take timber from land without right, since a custom cannot lawfully prevail or be recognized that involved the doing of an unlawful thing.

7. EJECTMENT ⊖⟶88—EVIDENCE—ADMISSIBILITY—MATERIALITY.

In ejectment, testimony of a witness that he let W. have a few dollars to buy improvements from L., neither of whom were parties to the action to show the value of improvements on the land, L.'s connection with the land antedating that of T., from whom defendant purchased, was foreign to any issue.

8. EJECTMENT ⊖⟶90(2) — EVIDENCE — RELEVANCY OF INSTRUMENT.

In ejectment, an instrument executed by a corporation and offered in evidence by plaintiff, where the legal title was shown to have been in plaintiff and neither plaintiff nor defendant were parties to such instrument, *held* without relevancy and properly excluded.

9. WITNESSES ⊖⟶370(2)—BIAS OF FATHER.

The mere fact that a witness was called to testify by his son in a cause against plaintiff cannot justify the assumption that the witness then or now entertained a quality of bias against the plaintiff that would induce him to testify falsely in another case to which neither he nor his son was a party in interest.

10. APPEAL AND ERROR ⊖⟶1051(1) — HARMLESS ERROR—ADMISSION OF DEED IN EVIDENCE.

In ejectment, if evidence showed adverse possession of defendant under color of title, plaintiff was not prejudiced by wrongful introduction of a deed purporting to aid defendant's claim.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Action by the United States Lumber & Cotton Company against F. W. Cole and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Joe M. Pelham, Jr., of Chatom, for appellant.

Granade & Granade, of Chatom, for appellees.

McCLELLAN, J. [1, 2] Statutory ejectment instituted by appellant against appellees. The trial court instructed the jury that the record title to the land in question was in the plaintiff. The determining issue was whether the defendant Frank Cole (Barbara Cole is his wife) had so adversely held the land since 1882—under color of title from George Trotter—as to have perfected the title. Cole's claim was, as stated, under color of title describing the quarter section sued for; and, if his reception in 1882 of a paper from Trotter constituting color of title to the quarter section was credited by the jury, actual possession by him, under this instrument, of a part of the area effected to extend his possession to the whole body of land described in the instrument. Marietta Co. v. Blair, 173 Ala. 524, 56 South. 131. The doctrine of Bowles v. Lowery, 181 Ala. 603 (62 South. 107), stated in head notes 2 and 3, has, as there appears, no application where the claim is under color of title. The absence of the instrument Cole claimed to have received from Trotter in 1882 was properly accounted for. Its destruction was shown. Cole was entitled, as the court held, to introduce secondary evidence of its contents.

[3] The defendants' witness Howard was asked several questions intended to elicit evidence to show that the witness had been prosecuted or convicted of trespass on the lands of the plaintiff, the only argument submitted in the brief being predicated of the provisions of Code, § 4009. Since the mentioned offense does not involve moral turpitude, the conviction therefor could not affect

⊖⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the credibility of the witness. In the Wells Case, 131 Ala. 48 (31 South. 572), cited on appellant's brief, the conviction was of larceny, an offense involving moral turpitude. There is no insistence in brief that the questions were proper on the theory that they might have elicited evidence tending to show bias or prejudice on the part of the witness against this plaintiff. Indeed, the witness was not asked as to the state of his feeling toward the plaintiff.

[4] Since declarations of claim to land by those in possession are admissible in explanation of the possession (6 Mich. Dig. Ala. Rep. p. 244 et seq.) the plaintiff's two motions to exclude the testimony of the witness Howard, wherein was recited declarations by Cole referable to his assertion of claim to the land, were properly overruled, because both motions to exclude embraced, without separation, matter that was admissible within the doctrine just stated.

[5] The evidence of acts of Cole or his agent (cutting or boxing the timber), indicating his claim of ownership of the land, was not subject to objection. Such evidence was patently relevant to the issues of fact underlying the adverse possession upon which Cole relied for his title to ⌐he quarter-section.

[6] The plaintiff sought, in several instances, to adduce evidence tending to show that 35 years ago, and for some period since then, there was a general practice, by persons without any right, to enter upon land and cut timber therefrom. This was but an effort to invoke a customary system of sporadic wrongs, 'trespasses. A custom cannot lawfully prevail or be recognized that involves the doing of an unlawful thing. There can exist no custom in conflict with established law. 4 Mich. Dig. pp. 606, 607.

It seems that in 1907 or 1908 Cole secured from the widow of George Trotter, from whom he claimed to have bought the quarter-section in 1882 and then received a deed thereto, a paper purporting to be a conveyance of this land. The seventeenth assignment of error complains of the admission in evidence of a deed (presumably the one just mentioned), noting page 41 of the transcript. While it appears that an instrument, with an affidavit attached, was offered, it is not recited that the deed was admitted in evidence. This particular assignment is therefore without support.

The twenty-third assignment proceeds on the unsupported assumption that the court excluded, on defendant's motion, the entire testimony of the witness Odum; whereas, the action of the court in this particular was limited to the exclusion of the "answer"— a part only of the witness' testimony—on the well-advised ground that it was hearsay.

[7] The value of the improvements on this land at the time the witness Odum testified he let Hannah Whitfield have a few dollars

202 ALA.—44

to buy these improvements from one Lambert was foreign to any issue between "these" parties. The defendant referred his claim, under color of title created in 1882, to George Trotter, who was shown to have been then in possession, and not to one Lambert, whose connection with the land antedated that of George Trotter from whom defendant claims to have bought the land.

[8] The instrument executed in 1907 by the Fairford Company and the Turner Company, offered by plaintiff, was without relevancy to the issues on trial. The title·was shown to be in the plaintiff, so it was not serviceable on that score. The defendants were not parties to it. It was properly excluded from the jury's consideration.

[9] The minute entry showing the conviction of J. M. Howard of the statutory offense (not "crime") of trespass upon realty does not disclose that the subject of the offense was land of the plaintiff. It was without service as affording a consideration that might affect the credibility of Howard, who had testified in behalf of the defendants. The plaintiff sought to show bias on the part of the defendants' witness J. M. Howard by introducing the court record in a civil cause prosecuted by this plaintiff against Willis Howard, a son of J. M. Howard, in which cause J. M. Howard testified as a witness in behalf of his son. This fact, itself, had no tendency to prove that J. M. Howard was hostile to the plaintiff. It cannot be assumed, with the result of imputing error, that his testimony in the civil cause was not unfavorable to his son or was not favorable to the plaintiff. The mere fact that he was a witness, called to testify by his son in such a cause, cannot justify the assumption that the father then or now entertained a quality of bias against the son's civil adversary that would induce or inspire him to testify falsely in another cause to which neither he nor his son was a party in interest. The state of Howard's feeling towards the plaintiff should have been directly inquired into when he was on the stand. In contingencies readily conceivable the plaintiff could have had the full legitimate benefit of the matters to which the court records have reference.

[10] The last assignment brings into question the action of the court in declining to exclude, on plaintiff's motion, the deed from George Trotter's widow to Barbara Cole, executed in 1907 or 1908. At this point in the record the recital is that the paper was in evidence. When it was "admitted" is not theretofore shown by the bill of exceptions, as already stated. If the admission of the paper was error, it wrought no substantial prejudice to the plaintiff's rights on the sole issue upon which the result of the cause depended. If defendants had so adversely held the land in suit as to perfect title by "adverse possession," it had ripened into title before

1907 or 1908; their possession, if established, having begun in 1882. What was done by them or by Trotter's widow in 1907 or 1908 was of no moment, one way or the other.

There are a few assignments of error so patently without merit that treatment of them in the opinion has been forborne.

The judgment is not affected with prejudicial error.

It is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.