50 So.2d 165

### HOLCOMB v. STATE.
6 Div. 126.

Court of Appeals of Alabama.
Jan. 9, 1951.

J. A. Posey, of Haleyville, for appellant.

A. A. Carmichael, Atty. Gen., and Geo. W. Cameron, Jr., Asst. Atty.Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of assault and battery under an indictment charging assault with intent to murder.

The evidence presented by the State tends to show that appellant shot one Bill McGough as McGough was running away from appellant, the bullet striking McGough in the back.

There had been previous words between the two shortly before as McGough passed appellant's home and made motions as though to throw gravel at a dog that had barked at him. Appellant ordered McGough to go on down the road, and when McGough told him he was not afraid of him or his dog, appellant had replied that he would make him afraid. Appellant then went into his house in an excited manner. McGough proceeded on down the road. In a few moments he saw the appellant approaching from the rear with a pistol in his hand. McGough began to run with appellant pursuing him. When within about ten steps of McGough the appellant fired.

The defense evidence was directed toward showing that McGough was drunk at the time he passed appellant's home, and was cursing. Appellant held a commission as a constable. He contends that he shot McGough in order to perfect his arrest, and also because McGough had put his hand in his pocket shortly before he fired. Appellant admitted however that at the time he fired McGough was walking away from him, and that when he searched him later no weapons of any sort were found on McGough.

Appellant was a peace officer, and if his contention be allowed that he was attempting to process an arrest at the time he shot McGough, there was no duty on him to retreat.

He has attempted to justify his act on two theories, one that he acted in self defense, the other, that he shot to apprehend McGough and thus process his arrest.

Under any phase of the evidence McGough's conduct could have constituted nothing more than a misdemeanor. The appellant had not laid hands on McGough prior to shooting him. Generally speaking, in misdemeanors, it will be murder to kill the party accused when fleeing from arrest, even though he cannot be otherwise taken. Suell v. Derricott, 161 Ala. 259, 49 So. 895, 23 L.R.A., N. S., 996; Champion v. State, Ala.App., 44 So.2d 616,[1] certiorari denied Ala.Sup., 44 So.2d 622.[2] It results that under the evidence and legal principles governing there can be no doubt that the jury was correct in denying the validity of appellant's attempted justification of his act on the grounds that he was attempting to process an arrest at the time he shot McGough.

Likewise, the validity of appellant's other attempted justification of his

1. Ante, p. 7.

2. 253 Ala. 436.

act, that he shot in self defense, was solely within the province of the jury to resolve. Their denial of this defense was likewise amply warranted under the evidence, and the legal principles governing, which principles are too well understood to require reiteration.

 During the cross examination of the victim McGough, a witness for the State, the court sustained the State's objection to a question as to whether he had not been convicted in the County Court of Marion County for the offense of resisting an officer on the occasion he was shot.

The offense inquired about did not involve moral turpitude, and therefore did not go to the witnesses credibility. It was not otherwise material to the issues of this case, for McGough may have been guilty of resisting an officer on the occasion he was shot, without furnishing any legal excuse to the officer for shooting him. The ruling of the court in this premise was therefore correct.

Some six written charges requested by the appellant were refused by the court below. No error resulted from the refusal of these charges, as they were either faulty, or if not faulty were covered by the adequate oral charge of the court, or the charge that was given at appellant's request.

Affirmed.