124 So.2d 275

Robert WHITMAN

v.

STATE.

8 Div. 726.

Court of Appeals of Alabama.

Nov. 1, 1960.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was indicted for and stands convicted of transporting prohibited beverages in quantities of five gallons or more.

The evidence introduced by the State tended to show that two deputy sheriffs had secreted themselves near a "stash" of moonshine whiskey they had found in some woods in Morgan County. A dirt road was some 20 to 30 yards from the whiskey.

The two officers saw this appellant and a young woman stop on the dirt road, they having arrived in a car driven by the girl. They both got out of the car and walked over to the location of the whiskey. The

Ralph E. Slate, Decatur, for appellant.

appellant picked up two five gallon jugs filled with whiskey and the pair returned to the automobile and deposited these two jugs in the trunk. The appellant then returned to the area of the whiskey and picked up another five gallon jug which was about half full of whiskey. He returned to the automobile and placed this jug on the back seat of the car. The officers then revealed their presence and arrested the appellant and the girl. She claimed to be the sole owner of the whiskey.

The officers found an additional 30 gallons of moonshine whiskey secreted in the vines and bushes close by the area visited by the appellant and the girl. They also found several one gallon jugs and a siphon hose in a paper sack in the automobile.

In his own behalf the appellant testified he had been dating the girl for several months and had met her after work on the day of the arrest. They were on their way to her home in order that she might change clothes. On this drive she told him about "a jug" and suggested they stop and pick it up. She guided him to the "stash" and he picked up one five gallon jug about half full of liquor. The appellant contended that this was the only whiskey he had carried to the car, and he disavowed any knowledge of the siphon and additional jugs in the automobile until the officers found them there.

The above evidence of course merely created a factual conflict solely within the province of the jury to resolve. The State's evidence, if believed by the jury to the required extent, was ample in its tendencies to support the judgment of guilty, since the transportation statute is violated by personally transporting—that is, it is not necessary that the transporting be in a vehicle.

After a careful reading of this record, we have concluded however that this judgment must be reversed because of prejudicial matter injected into the trial by the solicitor, and argued to the jury.

Although this appellant was indicted only for illegal transportation, the prosecution was seemingly conducted toward establishing that the appellant was also guilty of unlawfully selling whiskey. This latter offense being in nowise included in the indictment, the solicitor's efforts along this line were irrelevant, immaterial, and improper.

During the cross-examination of the appellant the following questions were addressed to him by the solicitor:

"You hauled whiskey in 1958 and 1959 and helped in it?"

"And hauled whiskey and engaged very prolifically in the liquor traffic in 1959?"

"As a matter of fact you were bootlegging at that time?"

"And had been bootlegging some time over the City of Decatur?"

As to the first three questions there was either no ruling on the objection, or no objection was interposed. However, all three questions were answered in the negative. The fourth question above, as to whether the appellant had been bootlegging some time over the City of Decatur, was objected to on the grounds that the solicitor was shouting at the witness. This objection was overruled and again the witness answered in the negative. All of these questions sought evidence entirely immaterial and irrelevant to the present prosecution. While Sec. 434 and 435, Tit. 7, Code of Alabama 1940, provide that a witness's creditability may be tested by examining him as to prior convictions for offenses involving moral turpitude, the above questions did not seek evidence of prior convictions, and it has been clearly established for some time that convictions for offenses involving a violation of our liquor laws are not considered to involve moral turpitude. See Blackshear v. State, 33 Ala.App. 576, 36 So.2d 244; Pinkerton v. State, 31 Ala.App. 599, 20 So.2d 604 and cases cited therein.

It should also be noted that during this cross-examination counsel for appellant announced that he would not object to any questions seeking evidence of prior convictions of the liquor laws.

Since all of the questions above were answered in the negative, or the court's ruling was not invoked, no error resulted per se from these questions. We have, however, included them in order to measure the possible prejudicial effect of the solicitor's argument to the jury, to be commented on later.

It also appears that the appellant offered several character witnesses who affirmed the appellant's good character. These questions, or similar questions were asked each of these witnesses on cross-examination:

"Did you ever hear that he was charged with and convicted of violation of the prohibition laws on October 30, 1958?"

"Have you ever heard he bootlegged whiskey?"

"Did you ever hear anybody say he violated the prohibition laws in 1958?"

"Have you ever heard he hauled whiskey?"

In each and every instance the above questions were answered by the respective witnesses in the negative. Again we have set these questions forth merely in order to illustrate the atmosphere of the trial.

During the solicitor's argument to the jury, the court overruled the appellant's objections to each of the following statements made by the solicitor to the jury:

"This is either a partnership or a syndicate. This is a king-pin operation."

"It was bootlegger's night. He already had orders for eight gallons."

In Grimes v. State, 23 Ala.App. 511, 128 So. 120, 121, where the State's evidence was directed toward proving an unlawful possession of alcoholic beverages, this court said:

"* * * the unguarded and unwarranted statement of fact made by the solicitor in argument to the jury, to the effect that 'the defendant was a big bootlegger and needed a large fine,' * * * which utterances met with the approval of the trial court, were not within the confines of legitimate argument, and that the exceptions reserved by defendant in this connection were well taken. * * *

"In this day and age the term 'bootlegger' has a well-understood meaning. It conveys the impression and imports the peddling and illegal sale of intoxicating liquor. * * *

"It has been universally held, and correctly so, that an attorney in his argument to the jury has no right to go outside of the record for the purpose of engendering the passions or prejudices of the jury, nor has he the right to assert as a material fact that which the testimony does not support, or which fact is not to be deduced from other facts or circumstances proven, especially so if the statement consists in the unsupported charge that the accused is guilty of an independent offense calculated to render him obnoxious to the jury. * * *"

Again in Wilbanks v. State, 28 Ala.App. 456, 185 So. 770, 771, this court said:

"Moreover, there was no evidence that the defendant was a bootlegger, and a statement to this effect, by the Solicitor in his closing argument, was unwarranted and should have been excluded on motion of defendant."

This appellant having been charged with unlawful transportation of alcoholic beverages, evidence tending to show unlawful sales of whiskey by him would be irrelevant to the issues charged by the indictment. Actually there was not one scin-

**128**

tilla of evidence tending to authorize or justify the argument by the solicitor as above set forth. The prejudicial character cannot be gainsaid. This judgment must therefore be reversed.

Reversed and remanded.