205 So.2d 247

**William T. McGOVERN**

v.

**STATE.**

**I Div. 213.**

Court of Appeals of Alabama.

Nov. 14, 1967.

Rehearing Denied Dec. 19, 1967.

———◆———

Matranga, Hess & Sullivan, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was convicted of robbery by the Circuit Court of Mobile County, Alabama and sentenced to twenty years in the State penitentiary as punishment therefor. From that judgment, this appeal is made.

During the course of the trial, the State's evidence tended to show the following:

Mrs. Rosalie Boshell, an employee of the American National Bank of Chickasaw, Alabama testified that she cashed a cashier's check for Ora Godwin on March 25, 1965, for $5,000; that Godwin "asked for $4,000 in twenties, $550 in tens, $250 in fives, $100 in ones, and the rest in coin"; that since ten-dollar bills come in packages of $500, she "took five individual tens and slipped them" into the wrapper with the other $500, making a package of $550 in tens.

Mr. Price Edwards testified that he was in Godwin's Poinsettia Grill in Prichard, Alabama on the day it was robbed, and identified Wilmer Austin as the one who robbed Godwin. Mrs. Elsie Smith, a waitress in the grill, testified that she was working in the grill on the day of the robbery; that she saw Austin rob Godwin; and that she got a description of Austin's automobile.

Officer Jerry Todd of the Prichard Police Department testified that he was on motorcycle patrol the day of the robbery in the vicinity of the Poinsettia Grill; that he received radio communication "regarding an automobile and two people in an automobile" from the Prichard Police Department; that because of this information he was "on the lookout" for an automobile of that type; that he did observe an automobile fitting the description given and followed it; that as he followed the car, he radioed other cars for help; that he stopped the car at Toulminville and went to the driver's side while a Mobile officer went to the passenger's side. Officer Todd testified that appellant was the driver of the car and that Wilmer Austin was the only passenger.

Officer J. W. Smith of the Mobile Police Department testified that he heard a radio call that "Prichard was running a Cadillac" and he saw Officer Smith following a Cadillac, so he joined him. When the car was stopped, he (the witness) observed that "Wilmer was trying to put something be-

tween the seat * * * and it was a pistol".

Detective J. W. Reynolds of the Prichard Police Department arrived shortly thereafter at the scene, and he (the witness) found a brown paper bag inside the Cadillac "on the front floorboard" full of money. The witness's counting of this money corresponded exactly with the amounts given to Mr. Godwin by Mrs. Boshell of the bank.

Wilmer Austin testified for appellant and stated that he was "presently serving time for a conviction of robbery" of Ora Godwin; that he saw appellant on the day of the robbery in "downtown Mobile"; that he knew appellant casually; that he (the witness) had been "drinking pretty fair"; that he "hollered" to appellant as appellant drove by; and that at that time he (the witness) was "waiting to catch a taxi".

Austin stated that he asked appellant to take him to Prichard, wait for him, and bring him back; that the reason for the trip was "to pick up some money that was owed me"; that he told appellant that he had a couple of stops to make and he would "pay him [appellant] taxi fare to take me out there", and back. Austin testified that appellant agreed and that they proceeded to the Rocket Club "within a few feet of the Poinsettia" and that he (the witness) "got a drink, a half pint, Vodka"; that he brought the bottle back to the car in a brown paper bag; that they then went to the Poinsettia and Austin went inside for "just a few minutes" while appellant remained in his car; that the witness walked out of the Poinsettia Grill, got in the car and said "Let's go"; and that he had a "brown paper bag" in his hand when he returned to the car.

Austin stated that appellant did not know he (Austin) had a pistol and that appellant did not know that he (Austin) was going to see Ora Godwin or that there was money in the paper bag; and that appellant made no attempt to evade the police and had no weapon.

Appellant testified in his own behalf, corroborating the testimony of Austin. On cross-examination, appellant contends that the court committed error when the following occurred:

"MR. BRUTKIEWICZ: Mr. Mc-Govern, in Brewton, Alabama, which I believe to be in Escambia County, on the 5th day of April, 1962, you were convicted in the Circuit Court of Escambia County for the offense of aiding and abetting a prisoner to escape?

"MR. HESS: We object to the question and to the form of the question, Your Honor, without any idea of what the answer might be on the grounds that it's irrelevant, immaterial and incompetent; it's not in the proper form; the proper predicate has not been laid; it's not shown that this was in a Court of record; it does not show that this is for a State offense as opposed to a City offense; it does not show that this was an offense involving moral turpitude.

"* * *

"THE COURT: You renew the objection; same ruling; and you except; and, Mr. McGovern, your answer can only be yes or no.

"WITNESS: Yes."

It is proper, on cross-examination of a defendant testifying in his own behalf, to introduce into evidence prior convictions of the defendant (appellant) which involve moral turpitude in order to attack the credibility of the defendant. Tit. 7, Sec. 434, Code of Alabama, 1940. See also Love v. State, 36 Ala.App. 693, 63 So.2d 285; White v. State, 40 Ala.App. 613, 119 So.2d 344; McCreary v. State, 42 Ala.App. 410, 166 So.2d 914; and Lanier v. State, 43 Ala.App. 38, 179 So.2d 167.

The State contends that the conviction of *any* felony is a conviction involving moral turpitude, citing as authority the case of Moore v. State, 12 Ala.App. 243, 67 So.

789. However, the case of Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, cert. den. 251 Ala. 129, 36 So.2d 571, states in part as follows:

"We here declare that on this point the cases of Whitman v. State, supra, and Moore v. State, supra, are specifically overruled."

Thus, this court, with the concurrence of the Supreme Court, has overruled Moore v. State, supra; therefore, cases corollary to *Moore*, dealing with such statements as "conviction of a crime punished by imprisonment in a penitentiary or in a state prison involves moral turpitude", should also be held as overruled. For, as Dickey v. State, 32 Ala.App. 413, 26 So.2d 532, the authority used for such is the case of Moore v. State, supra. Ipso facto, *all* crimes punishable by imprisonment in a State prison or penitentiary are *not* crimes involving moral turpitude—such as resisting arrest, Holcomb v. State, 35 Ala.App. 528, 50 So.2d 165; assault and battery, Gillman v. State, 165 Ala. 135, 51 So. 722; distilling liquor, Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338; violation of liquor laws, Whitman v. State, 41 Ala.App. 124, 124 So.2d 275; and Ramsey v. City of Huntsville, 42 Ala.App. 603, 172 So.2d 812; selling cocaine, Pippin v. State, 197 Ala. 613, 73 So. 340; drunkenness and disorderly conduct, Grammer v. State, 239 Ala. 633, 196 So. 268; and trespass to land, United States Lumber & Cotton Co. v. Cole, 202 Ala. 688, 81 So. 664.

 The conviction about which appellant in the case at bar was cross-examined was for "aiding and abetting a prisoner in escaping". Code of Ala., 1940, Tit. 14, Sec. 157, states in part as follows:

"* * * to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony * * *."

For the crime of appellant, aiding "a prisoner" to escape, to have constituted a felony, the crime of the prisoner must have been a felony. After a careful study of the record, we find no indication as to what type crime the "prisoner" was charged with; nor does it affirmatively appear under which authority appellant was tried—city or state. Though it does state that appellant was convicted in the Circuit Court of Escambia County, Alabama, there is no showing of how appellant reached that court.

The case of Norris v. State, 229 Ala. 226, 156 So. 556, states that under the statute (Tit. 7, Sec. 434, supra), the only conviction obtainable is for violation of a state law, and does not deal with violation of municipal ordinances. There is no showing in this record, by way of a predicate, as to whether or not this "prisoner" was jailed because of such an ordinance. See also Gillman v. State, supra; United States ex rel. Manzella v. Zimmerman, (D.C.Pa.), 71 F.Supp. 534.

The State's cross-examination of appellant was too general and not properly predicated. If, as stated in Holcomb v. State, supra, resisting arrest does not involve moral turpitude, and if just *any* felony is not moral turpitude, and since the Code does not state "aiding a prisoner to escape" involves moral turpitude, we think such has not been shown to be that type of questioning allowable to impeach appellant as a witness.

The punishment in this case was fixed by a jury. The State owed appellant that diligence necessary to establish properly a predicate and to clarify whether or not his alleged conviction involved moral turpitude, outside of the hearing of the jury, so as to not prejudice appellant in the eyes of the jury.

The question was improperly admitted into evidence and objection thereto should have been sustained. By its use as evidence, appellant was prejudiced.

Therefore, the judgment in this cause is due to be and the same is hereby

Reversed and remanded.