JAMES H. FAULKNER, Retired Justice.
Jeffery C. Bailey was convicted for the offense of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found him guilty as charged in the indictment, and he was sentenced as a habitual offender to life imprisonment without the possibility of parole.
The sole issue raised on appeal is whether the trial court properly allowed 1) the State’s cross-examination of Bailey concerning his prior convictions and arrests, and 2) the prosecutor’s comments about Bailey’s prior convictions in closing argument.
In its examination of Bailey, defense counsel asked the following questions about Bailey’s prior arrests and convictions:
“Q Jeffery, have you ever been arrested before?
“A Yes, I have.
“Q Tell the ladies and gentlemen of the jury what you have been convicted of. “A Burglary.
“Q Now, you say burglary. Did you plead guilty to the charge of burglary? “A Yes.
“Q What else?
“A Receiving stolen property.
“Q Did you plead guilty to the charge of receiving stolen property?
“A Yes, I did.
“Q All right. And what else?
“A Third degree robbery.
“Q Okay. Did you plead guilty to third degree robbery?
“A Yes, I did.
“Q Did you plead guilty in these cases because you were guilty?
“A Yes. Yes, I was guilty.”
In its cross-examination of Bailey, the prosecutor asked Bailey the following questions about Bailey’s recent conviction for robbery in the first degree because Bailey had failed to disclose this conviction on direct examination:
“Q There are a couple of convictions I think you neglected to tell these jurors, Jeff. Back January 23rd, 1990—
“A Robbery.
“Q —were you convicted of the crime of robbery in the first, a crime of moral turpitude?
*57 “A Yes, I sure was.
“Q Right here in this courtroom as a matter of fact?
“A Yes, sir, I sure was.
“Q Did you have a lawyer in that case? “A Yes, I sure did.
“Q Okay. And back in 1983, June 14th, 1983, were you convicted of the crime of receiving stolen property, a crime of moral turpitude.”
“A I think I stated that, yes.
“Q Did you have a lawyer for that? “A Yes, sir, I sure did.
“Q November 5th, 1986, were you convicted of the crime of burglary, a crime of moral turpitude, burglary second degree?
“A Yes, sir, I pled guilty to all these crimes.
“Q Right. You did not plead guilty, however, to the robbery in the first degree that you were convicted of several months ago?
“A No, sir.
“As a matter of fact, Jeff, you had an inclination to rob members of the homosexual community on the Southside, did you not.
“MR. HARRIS: We object to that, Judge.
“A No, I sure did not.
“MR. LINTON: Can we have a ruling on his objection, Judge?
“THE COURT: He has already answered.
“Q You had robbed a person by the name of [C.Z.]. That’s what you were convicted for on that January 23rd business, right?
“MR. HARRIS: We object to that, Judge. It’s prejudicial, nonprobative. He has admitted he was convicted of a crime. It’s irrelevant what it was and who the victim was.
“THE COURT: Overruled.
“Q Didn’t you?
“A Excuse me? Repeat the question. “Q You said you had initially pled guilty, but you did not plead guilty. You had a jury trial.
“A I said I pled guilty to robbery third degree. I didn’t ever state about robbery first degree.
“Q Robbery first degree?
“A Yes, sir.
“Q January 23rd, 1990?
“A Yes, sir.
“Q Jury trial?
“A Yes, sir.
“Q Not a plea?
“A No, sir.
“Q Verdict of guilty?
“A Yes, sir, verdict of guilty.
“Q Who was [C.Z.], by the way, the person you robbed?
“MR. HARRIS: We object to the relevancy of that, please the Court.
“THE COURT: Sustained.
“MR. HARRIS: That case has been tried.
“THE COURT: I sustain the objection.”
The prosecutor then questioned Bailey about his prior arrests:
“Q Your lawyer asked you how many times you had been arrested.
“A Yes.
“Q How many times have you been arrested?
“MR. HARRIS: Judge, we object to that. I believe I asked him how many times he has been convicted.
“THE COURT: You asked him how many times he has been arrested.
“Q Answer the question.
“THE COURT: You can answer the question.
“A How many times have I been arrested?
“Q How many times have you been arrested?
“A Five.
“Q Five times?
“A Yeah, I think five.”
In his closing argument to the jury, the prosecutor made the following remarks about Bailey’s prior conviction for robbery in the first degree:
“MR. LINTON: Folks, he is guilty of robbery and he told you so. He was *58 convicted in this courtroom back last January of robbery in the first degree, the same crime—
“MR. HARRIS: Judge, I object to that. That is not the case at bar, if it please the Court, and it’s highly prejudicial. “THE COURT: Overruled.
“MR. LINTON: The same crime with which he is charged today. Would you believe someone who — by the way, the way that we found that out is rather interesting because when his lawyer asked him what he had been convicted of, he told you several things but he never told you about the robbery. I am the one that had to bring out the fact of that robbery conviction.”
Bailey initially contends that the State’s attempt to impeach him by evidence of a prior conviction for a crime of moral turpitude was improper because he denied the prior conviction. We disagree.
The record clearly shows that Bailey admitted his prior conviction for robbery in the first degree when the State questioned him. On direct examination, Bailey had admitted several prior convictions, but he did not disclose his conviction for robbery in the first degree, which had occurred only three months prior to trial. Certainly, the court cannot be found in error for allowing the State to uncover this information on cross-examination when defense counsel opened the door to this inquiry on direct examination. See Ringer v. State, 489 So.2d 646 (Ala.Cr.App.1986).
Bailey further contends that the State was allowed to bring out the particulars of his previous conviction of robbery in the first degree. Although the court initially overruled Bailey’s objection to the State’s question concerning the name of the victim of the robbery for which Bailey had been convicted, the State did not proceed to ask Bailey to verify the name of the victim at that time. When the State subsequently asked Bailey to verify the name of the victim of the prior robbery, the court sustained his objection. Bailey therefore received a favorable ruling and lacks the necessity of an adverse ruling as a preliminary requirement for preservation of error and appellate review. See Leonard v. State, 551 So.2d 1143 (Ala.Cr.App.1989). We note, moreover, that defense counsel opened the door to the particulars of Bailey’s prior robbery conviction when it paraded Bailey’s prior guilty plea convictions in front of the jury on direct examination.
Bailey’s third contention, that the State was allowed to improperly question him about offenses for which he had been arrested but not convicted, is likewise devoid of merit. Because defense counsel, in its direct examination of Bailey, opened the door to questions concerning Bailey’s prior arrests, the court cannot be found in error for allowing the State to ask additional questions concerning Bailey’s arrest record on cross-examination. See Ringer v. State, supra, 489 So.2d at 652. See also Kennedy v. State, 371 So.2d 464 (Ala.Cr.App.1979).
As his final argument, Bailey contends that the State, in closing argument, improperly commented on the similarity between his prior conviction for first-degree robbery and his present offense. We disagree.
The prosecutor is clearly allowed to state or comment on inferences that may reasonably be drawn from facts in evidence. Saffold v. State, 485 So.2d 806 (Ala.Cr.App.1986). The evidence introduced at trial established that only three months prior to trial Bailey had been convicted by a jury of the same type of offense as that with which he was presently charged. Considering the fact that Bailey had first tried to establish his credibility by testifying that he had pleaded guilty to certain prior offenses because he was guilty, yet omitted his recent conviction for first-degree robbery, we conclude that such comments were clearly proper and within the scope of closing argument.
Control of closing argument is a matter within the sound discretion of the trial court, and that court’s ruling should not be overturned absent a showing of abuse of that discretion. Anderson v. State, 469 So.2d 1362 (Ala.Cr.App.1985). Because no such abuse is found in this case, Bailey’s *59 contentions are without merit and his conviction is due to be affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of this court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.