73 A.3d 1129

Kelvin BANKS

v.

STATE of Maryland.

No. 659, Sept. Term, 2011.

Court of Special Appeals of Maryland.

Aug. 30, 2013.

Michael T. Torres (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for Appellant.

James E. Williams (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for Appellee.

Panel: DEBORAH S. EYLER, KEHOE, ARRIE W. DAVIS, (Retired, Specially Assigned), JJ.

KEHOE, J.

Kelvin Banks was indicted in the Circuit Court for Montgomery County, Maryland, and charged with child sexual abuse, and two counts of third degree sexual offense. After waiving his right to a jury trial, Banks was convicted by the court of child sexual abuse and two counts of fourth degree sexual offense. In accepting Banks's jury trial waiver, the trial court did not expressly state on the record that it found

Banks's decision to be knowing and voluntary. Banks asserts that the court's failure to do so requires us to vacate his convictions and remand this case for a new trial. He is correct; the Court of Appeals' recent decision in *Valonis and Tyler v. State*, 431 Md. 551, 570, 66 A.3d 661 (2013), is very clear as to this issue.

What makes this case of wider interest is the second issue raised by Banks. He contends that the trial court erred in not permitting his lawyer to impeach the credibility of a prosecution witness by introducing evidence that she had been convicted of resisting arrest. This appears to be a question of first impression in Maryland. We conclude that the trial court's evidentiary ruling was correct.

## BACKGROUND

Banks does not challenge the sufficiency of the evidence. In view of the issues presented, we need not include a detailed summary of all the evidence adduced at trial. Instead, we shall include "only the portions of the trial evidence necessary to provide a context for our discussion...." *Washington v. State*, 180 Md.App. 458, 461 n. 2, 951 A.2d 885 (2008); *accord Dorsey v. State*, 185 Md.App. 82, 88 n. 2, 968 A.2d 654 (2009). Banks was convicted of child sexual abuse and of fourth degree sexual offense. At the time the abuse occurred, the victim, along with her mother, B.,[1] resided with Banks. The victim testified that the abuse occurred on two separate occasions and further testified that she informed B. after each incident.

B. was called as a witness by the State. She confirmed that the victim reported both incidents to her. B. also testified, without objection, as to details of each assault as described by the victim.

---

1. It is unnecessary to further identify the minor victim or her mother. *See Muthukumarana v. Montgomery County,* 370 Md. 447, 458 n. 2, 805 A.2d 372 (2002).

Banks testified on his own behalf and denied any wrongdoing. He stated that he had stopped having contact with former members of his household because of "the accusation [B.] kept making about the kids and stuff. And I got tired of it." Banks claimed he had no "issue" with the victim, but that he did with B. Banks also testified that B. generally believed that he was "out on the streets . . . messing around with other women and stuff." He also testified that when B. "gets angry she does things. . . ."

## DISCUSSION

### I. Banks's Waiver of His Right to be Tried by a Jury

Banks's first claim on appeal is that the trial court erred in not announcing, on the record in open court, that his waiver of the right to a jury trial was made knowingly and voluntarily, as required by Maryland Rule 4–246(b). The State makes several points in response, including that the issue was not preserved, that the court did not err because it substantially complied with the rule, and that, even so, any error was harmless beyond a reasonable doubt. Banks replies that the trial court did not substantially comply with the rule and that the preservation rules and harmless error do not apply to a violation of Maryland Rule 4–246(b).

The issue presented concerns two separate exchanges between Banks and the court prior to trial. First, after the court suggested that it should send for the prospective jurors, the following transpired (emphasis added):

[DEFENSE COUNSEL]: Actually, Your Honor, in discussions with my client this morning, he has informed me that he would be willing to waive the jury and try the case before Your Honor.

THE COURT: Sir, you understand that if you do that, the State will have to prove to my satisfaction beyond a reasonable doubt that you're guilty; whereas if you elected a jury trial, the State would have to prove your guilt to the satisfaction of all 12 jurors? Do you understand that? MR. BANKS: Yes, sir.

THE COURT: And, otherwise, unless I'm missing something, [Prosecutor], the two trials would be essentially the same.

**You sure you want to leave your fate in my hands alone?**

**MR. BANKS: I'll take my chances, Your Honor.**

**THE COURT: Very well.**

Then, after argument on some unrelated preliminary matters, the following ensued:

[DEFENSE COUNSEL]: And, Your Honor, I would ask that the Court read the charges to Mr. Banks. And the reason I suggest that is that in the indictment—

THE COURT: Well, I think he has a right to that, doesn't he, [Prosecutor]?

[PROSECUTOR]: Your Honor, I have no problem with that. I was just also going to suggest that Your Honor just make sure that he's aware of his rights for the jury trial, and just basically partially voir dire him on his—

THE COURT: Well, I just asked him if he—

[PROSECUTOR]: Right.

THE COURT:—knew that the only difference I could think of between the two trials would be that all 12 jurors who were picked—Well, they have to be picked from either the voter registration rolls or the motor vehicle driving records. You understand, sir?

MR. BANKS: Yes, sir.

THE COURT: And that they all have to be residents of Montgomery County and citizens of the United States. And you and [Defense Counsel] could exercise challenges if you thought any one prospective juror was biased, and you have some peremptory challenge you could exercise without any reason at all to try to get people off there who might be unfavorable to you. Do you understand that?

MR. BANKS: Exactly.

THE COURT: And if we have a Court trial, you're not going to do any of that. You understand.

MR. BANKS: Yes, sir.

THE COURT: Okay. Thank you.

 An accused's right to a trial by jury is guaranteed by the Sixth Amendment to the United States Constitution. *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Boulden v. State,* 414 Md. 284, 293, 995 A.2d 268 (2010). Similar protection is given to criminal defendants under Articles 5(a)(1) and 21 of the Maryland Declaration of Rights. *Boulden,* 414 Md. at 293–94, 995 A.2d 268; *Owens v. State,* 399 Md. 388, 405–06, 924 A.2d 1072 (2007), *cert. denied,* 552 U.S. 1144, 128 S.Ct. 1064, 169 L.Ed.2d 813 (2008). Because the right to a jury trial is "absolute," *Robinson v. State,* 410 Md. 91, 107, 976 A.2d 1072 (2009), the right can only be waived if the trial court is "satisfied that there has been an intentional relinquishment or abandonment" of that right. *Powell v. State,* 394 Md. 632, 639, 907 A.2d 242 (2006) (quotation marks and citation omitted), *cert. denied,* 549 U.S. 1222, 127 S.Ct. 1283, 167 L.Ed.2d 103 (2007). Whether an accused has made an intelligent and knowing waiver of the right to a jury trial depends on the facts and circumstance of each case. *Walker v. State,* 406 Md. 369, 380, 958 A.2d 915 (2008).

Maryland Rule 4–246 sets out the procedure by which a defendant may waive his or her right to a jury trial (emphasis added):

(a) Generally. In the circuit court a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the court, the State may not elect a trial by jury.

(b) Procedure for acceptance of waiver. A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, *the court determines and announces on the record that the waiver is made knowingly and voluntarily.*

Banks does not assert that his waiver of his right to a jury trial was not knowing or voluntary. Instead, his entire argument on this issue is premised on the fact that the trial court did not follow the requirement in Rule 4–246(b) by announcing, on the record in open court, that his waiver was made knowingly and voluntarily. Any doubt as to how Rule 4–246(b) should be interpreted and applied in this context has been resolved by the Court of Appeals' decision in *Valonis and Tyler v. State*, 431 Md. 551, 570, 66 A.3d 661 (2013), and this Court's opinion in *Costen v. State*, 213 Md.App. 361, 73 A.3d 1225, 2013 WL 4719085 (2013).

In *Valonis*, the Court held that the requirements of Rule 2–246(b) were mandatory and that the rule required strict compliance by the trial court (emphasis added):

> Rule 4–246(b) ... requires the circuit court judge to make an *express determination* on the record that the defendant acted knowingly and voluntarily. In other words, *the judge is required to announce his or her finding as to the knowing and voluntary waiver on the record.*

431 Md. at 563, 66 A.3d 661 (internal citations omitted).

The Court continued:

> After the court determines that the waiver is knowing and voluntary, the court is required to announce that determination on the record. It is the responsibility of the trial judge to make a determination and to announce it on the record.
>
> \* \* \*
>
> We conclude ... that in the two criminal cases before this Court the trial judges committed reversible error in failing to comply with the determine and announce requirement of Rule 4–246(b) and thereby failed to demonstrate a valid waiver of Valonis's and Tyler's right to a trial by jury.

*Id.* at 568–70, 66 A.3d 661.

■ In the present case, the trial court did not expressly announce on the record that Banks had knowingly and voluntarily waived his right to a jury trial. Clearly, the colloquy between the trial court and Banks in this case did not satisfy

Rule 2–246(b)'s requirement that, as a prerequisite to accept-
ing a waiver of the right to a jury trial, the court must
"determine[ ] and announce[ ] on the record that the waiver is
made knowingly and voluntarily."

The State contends that Banks failed to preserve this
contention by not objecting to the court's determination. In
*Valonis,* the Court addressed a similar argument and held
that a defendant's failure to object to a trial court's non-
compliance with Rule 4–246(b) did not foreclose the right to
raise the matter on appeal. 431 Md. at 569, 66 A.3d 661.

The State also asserts that any error by the trial court was
harmless. The State cites *Boulden,* 414 Md. at 307–08, 995
A.2d 268, in which the Court held that a contention that the
court's compliance with Rule 4–246 was untimely is subject to
harmless error review. However, the question in the present
case is not whether the trial court complied with the rule,
albeit in an untimely fashion, but whether the court complied
with the rule at all. In *Valonis,* the Court held that "[T]he
trial judge's failure to announce its determination on the
record is not a mere technicality and is not subject to harm-
less error analysis." 431 Md. at 569, 66 A.3d 661.

In conclusion, and in conformity with the Court's holding in
*Valonis,* we hold that the trial court's failure to determine and
announce on the record that Banks's waiver of his right to a
jury trial was made knowingly and voluntarily requires vacat-
ing the convictions.

## II. The Impeachment of the Victim's Mother

Banks claims that the trial court erred in not permitting
him to impeach B., the victim's mother, by introducing evi-
dence that she had been convicted of resisting arrest.[2]

During B.'s cross-examination, the following ensued:

---

2. Banks filed a motion to supplement the record with a copy of records
from the Montgomery County Circuit Court, requesting that this Court
take judicial notice of the same. The records indicate that B. was
convicted of resisting arrest in 2003. The State filed an opposition to

[DEFENSE COUNSEL]: Now, ma'am, are you the same [B.] who was convicted of resisting arrest on—

[PROSECUTOR]: Objection, Your Honor.

THE COURT: Sustained. [—] How in the world—

THE WITNESS: Yes, I am.

[PROSECUTOR]: Strike.

THE COURT: Don't answer that question.

[DEFENSE COUNSEL]: Okay.

In its brief, the State suggests counsel's response of "Okay" to the court's instruction to the witness constituted a waiver of the objection. We are inclined to agree. *See, e.g., Whittington v. State,* 147 Md.App. 496, 537–38, 809 A.2d 721 (2002) (where appellant did not object to trial court's ruling that medical expert could not testify to legal issue of whether confession was voluntary and acquiesced to that ruling, issue of exclusion of whether medical expert could testify concerning issue of voluntariness not preserved); *Green v. State,* 127 Md.App. 758, 769, 736 A.2d 450 (1999) ("when a party acquiesces in the court's ruling, there is no basis to appeal from that ruling"). However, because of the possibility that the issue will arise again on remand, we will address the merits.

While there is no reported Maryland appellate opinion considering whether evidence of a conviction of resisting arrest is admissible for impeachment purposes, the analytical paradigm is well-established. Maryland Rule 5–609 provides in pertinent part:

**Impeachment by Evidence of Conviction of Crime.**

(a) Generally. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness, but only if (1) the crime was an infamous crime or other crime relevant to the witness's credibility and (2) the

Banks's motion. We will deny the motion as moot in light of the disposition of this case.

court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party.

(b) Time Limit. Evidence of a conviction is not admissible under this Rule if a period of more than 15 years has elapsed since the date of the conviction.

\* \* \*

The Court of Appeals has explained that, in deciding whether evidence of a conviction of a prior crime was admissible as impeachment evidence:

"First, a conviction must fall within the eligible universe to be admissible. This universe consists of two categories: (1) infamous crimes, and (2) other crimes relevant to the witness's credibility. Second, if the crime falls within one of these two categories, the proponent must establish that the conviction is less than fifteen years old. Finally, the trial court must weigh the probative value of the impeaching evidence against the danger of unfair prejudice to the defendant."

*State v. Westpoint,* 404 Md. 455, 478, 947 A.2d 519 (2008) (quoting *Jackson v. State,* 340 Md. 705, 712–13, 668 A.2d 8 (1995) (internal citations omitted)).

■ "Infamous crimes" are " 'treason, felony, perjury, forgery and those offenses classified generally as *crimen falsi.'* " *Prout v. State,* 311 Md. 348, 360, 535 A.2d 445 (1988) (quoting *Garitee v. Bond,* 102 Md. 379, 383, 62 A. 631 (1905)). The *crimen falsi* are misdemeanors " 'founded in fraud.' " *Prout,* 311 Md. at 360, 535 A.2d 445 (citing Ginsberg and Ginsberg CRIMINAL PROCEDURE IN MARYLAND at 5 (1940)). In *Westpoint,* after analyzing a series of its decisions pertaining to the use of non-infamous crimes—that is, "other crime[s] relevant to the witness's credibility"—for impeachment purposes, the Court stated:

We reflected in these cases that, in order for a crime to be admissible for impeachment, the crime itself, by its elements, must clearly identify the prior conduct of the witness that tends to show that he is unworthy of belief. Moreover,

a crime tends to show that the offender is unworthy of belief, if the perpetrator lives a life of secrecy and engages in dissembling in the course of [the crime], being prepared to say whatever is required by the demands of the moment, whether the truth or a lie.

404 Md. at 484, 947 A.2d 519 (quotation marks and internal citations omitted). We will now consider whether resisting arrest meets the *Westpoint* criteria.

Md.Code (2002, 2012 Repl.Vol.) § 9–408 of the Criminal Law ("CR") Article sets out the elements of the crime of resisting arrest. It reads in pertinent part:

(a) In this section, "police officer" means an individual who is authorized to make an arrest under Title 2 of the Criminal Procedure Article.

(b) A person may not intentionally:

(1) resist a lawful arrest; or

(2) interfere with an individual who the person has reason to know is a police officer who is making or attempting to make a lawful arrest or detention of another person.

CR § 9–408 was enacted in 2004. *Nicolas v. State,* 426 Md. 385, 404, 44 A.3d 396 (2012). Prior to that time, resisting arrest was a common law crime. *Purnell v. State,* 375 Md. 678, 687, 827 A.2d 68 (2003). Codification, however, did not change the elements of the crime. *See McNeal v. State,* 200 Md.App. 510, 528, 28 A.3d 88 (2011) (Section 9–408 "refer[s] to the well-defined parameters of Maryland common law concerning resisting arrest."). In *Rich v. State,* 205 Md.App. 227, 260, 44 A.3d 1063 (2012), after a review of decisions of the Court of Appeals and this Court, as well as appellate opinions from other jurisdictions and learned authorities, we held that, in order to support a conviction, the State was required to prove that the defendant resisted arrest through the application of force or a threat of force directed at an arresting officer.

There is nothing in the elements of this offense that identifies conduct that "tends to show that [one guilty of it] is unworthy of belief." *Westpoint,* 404 Md. at 484, 947 A.2d 519.

Moreover, resisting arrest, a crime that typically involves a brief physical struggle between the defendant and an arresting officer, does not suggest that a perpetrator "lives a life of secrecy" or is "prepared to say whatever is required by the demands of the moment, whether the truth or a lie." *Id.*

Banks cites two reported cases in which the courts permitted impeachment through evidence of a prior conviction for resisting arrest. The first is *Commonwealth v. Brown,* 451 Mass. 200, 202–03, 884 N.E.2d 488 (2008), which held that evidence of a prior conviction for resisting arrest was admissible for impeachment purposes. However, by statute in Massachusetts, evidence of conviction of virtually any crime is potentially admissible for purposes of impeachment.[3] Banks also directs us to *People v. Hunter,* 180 A.D.2d 752, 580 N.Y.S.2d 387, 388 (1992), which permitted use of a conviction for resisting arrest for impeachment purposes because that conviction "showed that he had placed his own interests above those of society." *Hunter* is inapposite because the threshold standard in that case, namely, whether the conviction indicates

---

3. The statute is MASS. GEN. LAWS ch. 233 § 21 (2012), which in pertinent part:

 § 21. **Proof of conviction of crime to affect credibility.**
 The conviction of a witness of a crime may be shown to affect his credibility, except as follows:
 First, The record of his conviction of a misdemeanor shall not be shown for such purpose after five years from the date on which sentence on said conviction was imposed, unless he has subsequently been convicted of a crime within five years of the time of his testifying.
 Second, The record of his conviction of a felony upon which no sentence was imposed or a sentence was imposed and the execution thereof suspended, ... shall not be shown for such purpose after ten years from the date of conviction ... unless he has subsequently been convicted of a crime within ten years of the time of his testifying....
 Third, The record of his conviction of a felony upon which a state prison sentence was imposed shall not be shown for such purpose after ten years from the date of expiration of the minimum term of imprisonment imposed by the court, unless he has subsequently been convicted of a crime within ten years of the time of his testifying.
 Fourth, the record of his conviction for a traffic violation upon which a fine only was imposed shall not be shown for such purpose unless he has been convicted of another crime or crimes within five years of the time of his testifying....

that the witness "placed his own interests above those of society," is quite different from Maryland's.

We find more persuasive decisions from other jurisdictions that, at the time the decisions were rendered, applied a test similar to Maryland's. *See Commonwealth v. Williams*, 524 Pa. 404, 408, 573 A.2d 536 (1990) (concluding it was reversible error to admit a prior conviction for resisting arrest because that offense does "not involve dishonesty or false statement"); *People v. Stover*, 89 Ill.2d 189, 194–95, 59 Ill.Dec. 678, 432 N.E.2d 262 (1982) (stating that "[r]esisting or obstructing a peace officer is a misdemeanor which clearly does not involve dishonesty or a false statement"); *Williams v. State*, 449 S.W.2d 264, 265 (Tex.Crim.App.1970) (under the facts presented, appellant could not impeach witness with prior conviction of resisting arrest because it was a "misdemeanor offense[ ] not involving moral turpitude"); *Holcomb v. State*, 35 Ala.App. 528, 530, 50 So.2d 165 (1951) (holding that resisting arrest was not a crime of moral turpitude and did not go to credibility).

▇ We conclude that evidence of a conviction for resisting arrest is not admissible to impeach a witness's credibility and that the trial court in this case did not err by sustaining the State's objection to Banks's attempt to impeach the witness on that basis.

**THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY IS VACATED AND THE CASE IS REMANDED TO IT FOR FURTHER PROCEEDINGS.**

**COSTS TO BE PAID BY MONTGOMERY COUNTY.**